## PECKHAM *vs.* TOMLINSON and NEY.

The fact that a person prefers a criminal charge against another, before a justice of the peace, and is a witness upon the trial of the accused, and employs counsel to conduct the trial, on the part of the people, will not render him liable, in an action for assault and battery and false imprisonment, for the consequences of an erroneous conviction by the justice; where there is nothing to connect him with the unlawful imprisonment of the plaintiff.

ACTION for an assault and battery and false imprisonment. The defendant Tomlinson pleaded the general issue. The defendant Ney pleaded the general issue, with a further plea of justification. In January, 1846, the plaintiff was arrested by a constable upon a warrant issued by the defendant Tomlinson, a justice of the peace, upon the complaint of Ney, a constable, for an assault upon him while performing his duties as a public officer. Being brought before the justice the plaintiff was arraigned upon the warrant, and pleaded the general issue. He appeared by counsel, waived an examination, and demanded a trial by jury. The justice thereupon issued a venire, and a jury was summoned. No objection was raised, on the trial, to

the jurisdiction of the justice.   The jury rendered a verdict of guilty, and Tomlinson fined Peckham $5.   The justice thereupon issued a mittimus, reciting the conviction, and that it was adjudged that Peckham should pay a fine of $5, or be imprisoned for thirty days, and directing that he should be imprisoned until the expiration of that time.   It appeared from the venire and mittimus that Peckham was convicted of an assault and battery, simply.   The mittimus was handed to Sanford, a constable.   He, being under the necessity of going away for a few days, told Peckham, when he left, that he hoped he, Peckham, would arrange the matter before he got back, and that if he did not, he should be obliged to take him to jail.   Sanford testified that Peckham was in his custody after he received the mittimus; that nothing was said as to how he was to remain while Sanford was absent ; that he was gone from one to three days, and when he returned he called to see Peckham, and asked him if he had arranged that matter.   He said he had not.   Sanford then told him he should have to be just as strict with him as with any body else, and that if he did not pay up he should have to take him to jail.   Peckham then went, with Sanford, to the office of Tomlinson, the justice, and paid the $5 to him. That Peckham was not confined, nor was he prevented from attending to his ordinary business, from the time of the trial up to the time of paying the fine to the justice.   That he, Sanford, did not leave him in charge of any one while he was absent from home.   It appeared that Ney was present at the trial, and employed counsel to conduct the same in behalf of the people, and was examined as a witness; but there was no active interference on the part of Ney.   The cause was referred to a referee, who reported that he found Tomlinson guilty, and assessed the plaintiff's damages at $5, and that he found Ney not guilty. The plaintiff moved to set aside the report, and for a new trial.

*T. Jenkins,* for the plaintiff.

*C. P. Kirkland,* for the defendants.

Peckham *v.* Tomlinson.

*By the Court,* GRIDLEY, J.   To justify a report against the defendant Ney, the referee must have found that he either directly or indirectly participated in the imprisonment of the plaintiff.   It is true, he procured the original warrant to be issued, prior to the arrest of the plaintiff; but that arrest, and the imprisonment under it, were lawful.   If the plaintiff was ever arrested under the warrant of commitment, (of which there is great reason to doubt, notwithstanding the *general* statement of the constable,) there is no proof that Ney directed, or participated in, such arrest, or even knew that a mittimus was issued. True, he was the original complainant, and was a witness on the trial of the plaintiff; but that does not make him responsible, in this action, for the consequences of an erroneous conviction.   Nor does the fact that he employed counsel to conduct the trial, on the part of the people, alter the case.   It will not be insisted that the counsel, himself, would have been liable for the act of the justice in issuing the mittimus ; and, certainly, the case is not stronger against the individual who employed and paid him.   We are referred to the case of *Bishop* v. *Ely,* (9 *John.* 294,) to show that Ney was liable.   In that case, however, the defendant was the owner of the wagon, and was riding in it when it was driven against the plaintiff's horse, and made no objection to such a use of his property ; and after the injury had been done, instead of disavowing the acts of the driver of the vehicle, he showed by his acts and conversation that he had countenanced and encouraged it.   In this case, as we have seen, there is nothing to connect Ney with the unlawful imprisonment of the plaintiff, so as to make him legitimately responsible for its consequences.   If Ney should be held to such responsibility, his guilt must be made out by inference and presumption; and after the referee has passed upon that question, I do not think that this court can review and reverse his decision.

Again ; upon the evidence in this case the plaintiff does not show a very meritorious cause of action.   He was, for aught we can see or know, guilty of the offence of which he was convicted ; and if he had not been inadvertently put on his trial for an offence a grade higher than that proved again  him, no

Fox v. Ames.

action could have lain against either of the defendants. The action then rests for its foundation upon an error of the justice, which did not injure the plaintiff by preventing him from establishing any defence in his power to prove, though it rendered the conviction void. The damages of the plaintiff under the last arrest would have been assessed at a very small sum, by any jury. It is, for these reasons, not a case in which the court should, in the judicious exercise of their discretion, grant a new trial. (*See Graham's Pr. 515, and the cases there cited.*)

New trial denied.

SAME TERM. *Before the same Justices.*