## HENRY *vs.* LOWELL and others.

The law of congress, passed in September, 1850, known as the fugitive slave act, was a constitutional enactment.

To justify an arrest, by a ministerial officer, and those acting in his aid, under a process of the court, valid on its face, it is not necessary to give other evidence than that furnished by the process itself.

Where in an action for an assault and battery, the defendants justified under process, and it appeared on the trial that the injuries complained of were committed on a recaption of the plaintiff, after one escape, and in efforts to overcome resistance, and to prevent another escape; the plaintiff alleging that *excessive force* was used; *Held* that in view of these facts, the *onus* was on *him* to prove that the force was excessive.

It is within the ordinary discretion of the judge presiding at a trial, to refuse to allow the plaintiff to re-open the case, after the defendant has rested.

THIS was an appeal by the plaintiff from a judgment of nonsuit directed by the court to be entered against him, on a trial at the circuit. The action was for an assault and battery, and the defendant justified under a warrant issued by J. F. Sabine, Esq., a commissioner of the United States court, for the apprehension of the plaintiff, alleged to be a fugitive slave; the defendants claiming to act in aid of the marshal charged with the execution of the warrant. The plaintiff's reply to the answer alleged (after putting the justification in issue,) excessive force and violence. The cause was tried at the Onondaga circuit in October, 1852, before Justice Pratt. After the defendant had rested, the plaintiff offered to give further evidence relative to the plaintiff's injuries. This was objected to by the defendants' counsel on the ground, among others, that the plaintiff could not re-open that matter. The objection was sustained, and the plaintiff excepted. The justice intimated, on motion of the defendants' counsel, that he should direct a nonsuit. The counsel for the plaintiff contended that there were questions of fact in the case which should be submitted to the jury, and insisted upon their right to present the case to the jury, both upon the question of the authority said to be given to the defendants by the deputy marshal, as a question of fact, and also upon the question of excessive force and the other questions of fact in

the case. The court refused to permit this, and directed the plaintiff to be nonsuited.

*C. B. Sedgwick*, for the appellant.

*Geo. F. Comstock*, for the respondents.

*By the Court*, GRIDLEY, J. I. It is insisted in the printed points, submitted by the plaintiff's counsel, that the act of congress known as the fugitive slave act, is unconstitutional and void; and therefore that the defendant cannot justify under it. It is not, however, explained in what respect, or on what grounds the act in question is in violation of the constitution. The former act (of 1793) was adjudged to be in harmony with the constitution, in the case of *Prigg* v. *The Commonwealth of Pennsylvania*, (16 *Peters*, 539,) by the highest tribunal known to our law, and that decision has been reaffirmed in the 5th of *Howard's Rep.* 215. No important distinction has been pointed out by the counsel between that act and the law of 1850, and we do not perceive any bearing on the question of its constitutionality. In several cases that have occurred, the provisions of the present law have been drawn in question, and the act has been declared constitutional, by Justice Curtis and Justice Nelson of the supreme court of the United States, by the supreme court of Massachusetts, and by other eminent judges before whom the question has been raised. This uniform current of authority, may well excuse us from a discussion of the question upon principle.

II. It was not necessary to give other evidence than that furnished by the process of the court, valid on its face, for the protection of the officer and those acting in his aid, to justify the arrest. (*Savacool* v. *Boughton*, 5 *Wend.* 150.)

III. It is said that the justice erred in not submitting to the jury the question of *excessive force*. I have carefully read over all the testimony on the subject, and I perceive no evidence of *excessive force*. It is true that the plaintiff was confined by irons, after several violent acts of resistance, and attempts to

escape; and his clothes were somewhat torn, and his person injured; but it must be remembered that the injuries complained of were committed on a *recaption* after one escape; and in efforts to overcome resistance, and to prevent another escape which the plaintiff was striving to effect. The onus was on *him* to prove that the *force was excessive,* taking into view all these facts; but we do not perceive that more force was employed than was necessary; and there was not enough to prevent a final rescue:

IV. The refusal to allow the plaintiff to re-open the case after the defendant had rested, was within the ordinary discretion of the justice presiding at the trial; and no facts are proved showing that this discretion was abused.

On the whole we see no errors committed by the justice which call for a new trial of the case.

Judgment affirmed.

[Oswego General Term, April 3, 1853. *Gridley, W. F. Allen, Hubbard* and *Pratt,* Justices.]