### LANDT *vs.* HILTS and BURTON.

Where a judicial officer has jurisdiction of the subject matter, and it becomes his duty to act, whereupon he makes an order of arrest, such order will protect the party applying for it, and the attorney, and all persons acting in obedience to the order, as well as the officer who makes it.

And this, whether the judge decides correctly or erroneously in holding that it is a proper case for granting an order of arrest. If he is called upon to make a determination upon the question, that is enough.

Thus where an application was made to a county judge, upon affidavit, for an order to arrest a party and hold him to bail under the non-imprisonment act, for an alleged unlawful taking or conversion of property; the affidavit showing at least a colorable case for an arrest; whereupon the judge granted the order, and the party was arrested upon it; *Held*, that the order was a protection to the plaintiff in the suit, the person making the affidavit, and the attorney, although it was subsequently vacated, on the ground that the affidavit did not set forth a sufficient cause for arresting the party.

MOTION for a new trial, on a bill of exceptions. The action was brought for an assault and battery and false imprisonment. The defendants justified under an order made by the county judge of Herkimer county, on the 10th of October, 1851, for the arrest of the plaintiff Landt, under the non-imprisonment act. It appeared from the pleadings and proofs, that on the said 10th of October, 1851, the defendant George I. Hilts, being about to commence an action in the supreme court, against Landt, to recover damages for the wrongful conversion by him of a large quantity of cheese, the property of the said George I. Hilts, he, by the defendant Burton, as his attorney, presented to the said county judge, the following affidavit, entitled, in the said suit, "Herkimer county, ss: Christopher Hilts, of Herkimer in said county, being duly sworn, saith, that as the agent of the said plaintiff, in the spring of 1850 he leased to the defendant a certain dairy farm and premises, situated in the town of German Flats, in said county and belonging to the said plaintiff, for one year from the 10th day of March, 1850; that in and by the lease thereof it was provided, that the cheese to be made by the said defendant upon said farm, should be held by this deponent, being such agent, as security for the payment of the rent of said farm, and that the said defendant should not sell or otherwise dispose of such cheese until such rent should

Landt *v.* Hilts.

be paid.    And this deponent further says, that during the term of said lease he has had the sole and exclusive charge and supervision of the said plaintiff's interest in the said lease and the matters included therein and connected therewith.    That deponent had suffered the defendant to dispose of some of the cheese made upon said farm, but on the 21st day of September last, this deponent forbade the said defendant to dispose of any more of such cheese, and that at that time there was a quantity of cheese on hand, which the said defendant informed deponent amounted to about one thousand pounds, and which in the opinion of deponent, was worth six cents per pound.    And deponent further saith, that the cheese remaining on the farm on the said 21st of September, and that made there since that time, has been removed therefrom, and the said defendant has left the said farm and gone to some place unknown to this deponent, and which deponent cannot learn on inquiry of the relatives and acquaintances of the said defendant.    And deponent is informed and believes true, that the said defendant sold the said cheese on the 2d day of October instant, and absconded with the proceeds thereof at night..    And deponent further says, that over one hundred dollars is yet due from the defendant to the plaintiff, according to the lease aforesaid, for the rent of said farm."

Upon this affidavit the county judge made an order, directing the sheriff to arrest Landt and hold him to bail in the sum of $200.    Landt was arrested, and imprisoned in the county jail, for want of bail, from the 10th of October till the 2d of November, 1851.    At a special term of the supreme court, held at Syracuse on the 24th of October, 1851, the order of arrest was vacated.

This cause was tried at the Ontario circuit in May, 1852, before the Hon. S. L. SELDEN.    At the close of the plaintiff's testimony the defendant's counsel moved for a nonsuit upon the following grounds: 1. That the affidavit contained sufficient to authorize the order of arrest to be made.    2. If the affidavit was insufficient to authorize the order of arrest, there was enough stated in it to call for the judicial determination of the

Landt *v.* Hilts.

officer upon its sufficiency, and that if he erred that afforded no ground of action. 3. That the action was one in which the plaintiff was entitled to an order to hold the defendant to bail by law, and no error of the officer authorized to make the order could afford a ground of action against the party or his attorney. 4. In regard to the defendant Christopher Hilts, that there was no evidence sufficient to charge him, and no verdict could be had against him, either by the pleadings or proofs. 5. That under the pleadings and the evidence there could not be a judgment against the defendants jointly. The court denied the motion for a nonsuit, and the counsel for the defendants excepted. The defendants' counsel introduced no proofs, and the judge then charged the jury that the only question to be submitted to them was the amount of damages which the plaintiff was entitled to recover. That the questions of law which had been raised were disposed of by the court, and with those questions the jury had nothing to do. The judge then laid down the rule of damages which was to govern the jury in estimating the amount of their verdict. The defendants' counsel then asked the judge to charge the jury, upon each and every of the points raised by said counsel upon the motion for a nonsuit, that there could be no recovery in favor of the plaintiff against the defendants for the reasons therein stated, which request was denied; to which decision and ruling of the judge upon each and every of the said questions so raised by the defendants' counsel, and to the refusal to charge as requested, the defendants' counsel excepted.

The jury found a verdict for the plaintiff for $200. Judgment was suspended until the questions of law could be presented to and passed upon by the court, on a bill of exceptions.

*S. V. R. Mallory*, for the plaintiff. I. The arrest, imprisonment and detention in prison of the plaintiff by the defendants are admitted by the pleadings, and were also clearly proved upon the trial. The only question in the case is, did the defendants sustain their pleas of justification, or show a right thus to interfere with the person of the plaintiff? It is submitted that no such justification was shown by the defendants. And

1st. The affidavit did not contain *facts* which, uncontradicted, brought the case within any of the provisions of the statute authorizing arrests, nor give any jurisdiction over the person of the plaintiff. (1.) The affidavit at most only shows a cause of action arising upon contract, and does not make out a case of unlawful taking or conversion of property, against anybody. (*See Code of* 1852, §§ 178, 179; *Otis* v. *Sill,* 8 *Barb.* 102.) (2.) There is no legal evidence contained in the affidavit that the *plaintiff* disposed of the property mentioned. The fact is stated on information and belief merely. That is clearly not sufficient to authorize the granting of the order. (*See Whitaker's Practice,* 649, 50, and cases; *Martin* v. *Vanderlip,* 3 *Howard's Pr. Rep.* 265, 269; *Whitlock* v. *Roth,* 5 *id.* 143.) 2d. The statute requires that before *any* order shall be granted an undertaking must be given, &c. Issue is taken upon this fact, and no proof was given by the defendants. The order was unwarranted, for this reason. (*See Code of* 1852, § 182; *Squire* v. *Flynn,* 8 *Barb.* 169.) 3d. That this order was irregular and unauthorized, was settled by the adjudication of the court, and no appeal was taken from the decision setting it aside. And the defendants' counsel, on the trial of this action, did not claim that it was properly granted, or that it could be upheld. That question must therefore be regarded as settled.

II. This order takes the place, in practice, of the old capias, where a judge's order to hold to bail was necessary to its validity. And it is entirely immaterial as between these parties, whether the order is void or voidable only. After it is set aside it is the same as though it had never existed. (*See Chapman* v. *Dyett,* 11 *Wend.* 31; *Smith* v. *Shaw,* 12 *John.* 257; *Percival* v. *Jones,* 2 *John. Cas.* 49.)

III. The proof was sufficient to charge the defendant Christopher Hilts, as well as the other defendants. He was the acting party in the whole transaction. He was the agent of George I. Hilts, and made the lease with the plaintiff; was to hold the cheese made by plaintiff as security; authorized its sale by him, and had the whole charge and supervision of the matter; made the affidavit to procure the order of arrest, and first

Landt *v.* Hilts.

applied to and retained the attorney in that action. In short, he occupies the same position as the party himself, for whom he acted. And it is well settled that the acts of the attorney will bind the party in all cases where third persons are concerned. No question was made in regard to the other defendants. If then George I. was liable, which was conceded, still more is Christopher, who was the actor in his stead, liable. (*See Taylor* v. *Trask,* 7 *Cowen,* 249, 251, 252; *Percival* v. *Jones,* 2 *John. Cas.* 51, *note c.*)

IV. The defendants, in causing the arrest of the plaintiff, were acting together in the accomplishment of the same object, and are jointly liable in the action.

*A. Worden,* for the defendants. I. The action was one in which the defendant was liable to arrest at the common law, and by the statute, when the code was enacted which abolished the capias and substituted the order, and the judge in this case acted judicially in granting the order. The application was in the form prescribed by the code, and the order one which the judge had power to grant. It was his duty to decide upon the sufficiency of the affidavit, and if he erred, the party applying for the order is no more liable than where the court, upon any state of facts, erroneously gives a judgment under which the defendant is imprisoned. The judge did not exceed his jurisdiction. He at most committed a judicial error, and he cannot be liable. (*Cunningham* v. *Bucklin,* 8 *Cowen,* 178.) The distinction is this. Where the judge acts as an officer in a court of record in a matter brought before him over which he has jurisdiction, his acts cannot be the subject of litigation, and his own order protects him. (*Harman* v. *Brotherson,* 1 *Denio,* 537.)

II. The code having deprived a plaintiff of the right to issue bailable process, and made an order of this court or its judges, or of some officer authorized to act as judge, the authority to arrest, and such orders being a protection to the judge, the party who applies for it cannot be a trespasser. In *Harman* v. *Brotherson,* it was not decided whether the attorney applying

for and obtaining an order to hold to bail erroneously, was lia-ble; but in *Stanton* v. *Schell*, (3 *Sandf. S. C. Rep.* 328,) it was held that the party applying for an order, to a judge who had jurisdiction, but who erroneously granted it, was not subjected to an action. The cases establish that where a judicial offi-cer or inferior court act in a matter over which they have no jurisdiction, they and all participating are liable; but where they have jurisdiction and err in exercising it, they and all who act in pursuance of their order and under their authority are protected. In the one case the act is void, but in the other erroneous and voidable. (*See cases cited by Judge Savage in Horton* v. *Auchmoody,* 7 *Wend.* 200.)

III. The order for arrest is a proceeding in an action. (*Code,* § 179.) It is not, like a capias, the commencement of an action, nor is it like an order to hold to bail upon a capias. Such or-ders are made before a suit is instituted. What the order is like, in the former practice, is difficult to say. Where an arrest is made on a capias or other process which the party or his at-torney issues without any action or order from the court, and the process is set aside, it forms no justification for the arrest. The question, therefore, is whether a plaintiff and his attorney are liable for acting under an order regularly applied for to an officer having power to grant it, but who acts erroneously, and not extra-judicially, in making the order. (*See* 3 *Sand.* 328.)

IV. Christopher Hilts made the affidavit on which the judge granted the order. It does not appear that he applied for or had any thing to do with the execution of the order. He may have made the affidavit on compulsion. As against him the action cannot be maintained, and for this reason a new trial must be granted. (1 *Denio,* 537.)

*By the Court,* JOHNSON, P. J. I am clearly of opinion that the plaintiff should have been nonsuited, upon the trial. The imprisonment complained of was upon an order of the county judge of Herkimer county, requiring the sheriff to arrest the plaintiff and hold him to bail. The order was made upon appli-

Landt *v.* Hilts.

cation and affidavit, presented to the judge in a case in which he had jurisdiction to grant an order of that description.

It is contended by the plaintiff's counsel that the affidavit presented to the county judge showed no cause whatever for granting the order of arrest. It may be conceded that it was not sufficient to authorize the granting of the order; but that it did present a state of facts which called upon the officer to pass judicially upon the question, and to determine whether a case for an order was made out or not, cannot, I think, be questioned. It presents, to say the least, a colorable case, and that is enough to protect the officer who issues it. Granting as the plaintiff's counsel claims, that the affidavit only makes out a case of a breach of contract against the plaintiff, who was the defendant in the suit in which the order was made, enough is set forth to call upon the officer to determine whether a case of tort, or only a breach of contract, was shown by the affidavit. The agreement that the owner of the farm should hold the cheese made upon it, as security for the rent, and that the plaintiff should not sell or otherwise dispose of it till the rent should be paid, the removal of it without the consent of the landlord, and without the payment of the rent, and the abandonment of the premises by the plaintiff and the inability of the landlord's agent to find the property, or the place to which the plaintiff had removed, are all positively sworn to. It makes no difference that the judge decided wrong in holding that the removal of the property under such circumstances was tortious. If he was called upon to make a determination upon the question, that is enough. The decision and the order protect the party applying for it, and the attorney and all persons acting in obedience to the order, as well as the officer who makes it, in all cases where the officer has jurisdiction of the subject matter and it becomes his duty to act judicially. This was held in the case of *Stanton* v. *Schell,* (3 *Sandf. S. C. R.* 328.) That was a case of imprisonment by virtue of a warrant of arrest under the non-imprisonment act, and the action was brought against the party applying for the warrant. This court held the same doctrine several terms since, in the case of *Pardee* v.

*Pardee*, not reported. That was a case where the plaintiff in the action had been imprisoned in proceedings under the non-imprisonment act. The proceedings were before the recorder of the city of Rochester, and the party was adjudged guilty, and it became the duty of the recorder to commit him to jail, unless he should tender the bond required by the act. He did tender a bond which was probably sufficient, but the recorder held that it was not a full compliance with the requirements of the act, and committed him to jail. The action was brought against the creditor, who instituted and carried on the proceedings. We held that the action could not be maintained, as it was the duty of the recorder to pass upon the question of the sufficiency of the bond, and that his decision, though erroneous, would protect the party.

The plaintiff's counsel contends that as the order in this case was set aside before this action was brought, it cannot operate as a protection to the parties who were engaged in procuring and enforcing it against the plaintiff, and that they are trespassers by relation. The case of *Chapman* v. *Dyett*, (11 *Wend.* 31,) is relied upon to sustain this position. But there is a manifest distinction between the two cases. That was the case of a *ca. sa.* irregularly issued in a case where bail had been put in and no *fi. fa.* had been previously issued. The *ca. sa.* had been set aside on motion, and the court held that it afforded no protection to the parties at whose instance it had been issued, in the action for the wrongful imprisonment. But there no judicial determination of the right to issue the *ca. sa.* had been had. It was issued upon the mere volition of the plaintiff in the judgment, or his attorney. It was, so far as the rights of the parties were involved, the act of the party for whose benefit the writ was issued. Not so here. The order of arrest is the act of the officer of the court, and the right is judicially determined before it is issued, on application made and proofs submitted. The order afterwards vacating this order of arrest was only correcting the judicial error of the officer by whom such order was issued. It is clear, I think, that the doctrine of trespass by relation could no more apply to

such a case than it could to the case of a judgment reversed upon appeal, after it had been collected.

The doctrine that the judicial officer is protected whenever he has jurisdiction and enough is shown to call upon him for a desision, even though he errs grossly, and even intentionally, has long been firmly established. ( *Weaver* v. *Devendorf,* 3 *Denio,* 117. *Harman* v. *Brotherson,* 1 *Id.* 537. *Easton* v. *Calendar,* 11 *Wend.* 90. *Horton* v. *Auchmoody,* 7 *Id.* 200. *Cunningham* v. *Bucklin,* 8 *Cowen,* 178.) Upon the same principles of public policy, parties.who in good faith institute the proceeding and act under and in accordance with, the judicial detqrmination, should be protected from accountability as trespassers whenever the officer is entitled to protection.

A new trial must be granted, with costs to abide the event.

[MONROE GENERAL TERM, March 5, 1855. *Johnson, Welles* and *T. R. Strong,* Justices.]