Hall v. Munger.

---

PHILANDER E. HALL, Appellant, *v.* MERRICK MUNGER, Respondent.

(GENERAL TERM, FOURTH DEPARTMENT, SEPTEMBER, 1871.)

An order of arrest granted by a justice of the Supreme Court in due form, on affidavits, setting forth but slight evidence of the requisite facts (Code, § 181), and which, on motion to set the order aside, would be insufficient to support it, is nevertheless within the jurisdiction of the judge, and is a protection to the party obtaining it, as well as to the judge who grants, and officer making an arrest under it, before it is set aside. Such an order is merely erroneous.

Where an order of arrest is based on affidavit in which the statement that the defendant, in removing his property, intends to defraud his creditors, is made upon the deponent's belief, derived from statements made by a certain specified person, and others, the affidavit is legally sufficient to warrant the order in the first instance. (*Kerr* v. *Mount*, 28 N. Y., 657, and *Lyon* v. *Yates*, 52 Barb., 237, explained and distinguished.)

THIS case came before the court, upon a case made and exceptions ordered to be heard at General Term in the first instance.

The action was brought to recover damages for false imprisonment. The defendant justified under an order of arrest granted, in an action pending in the Supreme Court, by a justice thereof.

It appeared that the defendant was one of the indorsers of a promissory note made by the plaintiff, and, as such, was sued with the plaintiff by the holder, The Flour City National Bank of Rochester. That after the commencement of the action, upon the affidavit, first, of the president of the bank, showing a cause of action against Hall, the plaintiff here, continued as follows:

" And deponent further says, that, as he is informed by Horace D. Mallory, whose affidavit is hereto annexed, and is also otherwise informed and verily believes, the said defendant, Hall, is about to remove all his property from this State, with intent to defraud his creditors, and especially to defraud this plaintiff, and that he has disposed of his property, not money, and converted it into money and securities, with the like intent, and intends himself to depart from this State and take with him the proceeds of his property so disposed of, with like intent."

And also, upon the affidavit of Mallory, by which it appeared that the deponent had purchased a horse of Hall, since the commencement of the action against him, and a few days before the order of arrest, and at the time of the purchase; that Hall then remarked to deponent, that the horse was the last of his property that he had disposed of, and that if he, Hall, were not going away, deponent would not buy it for any such price; that then deponent inquired when and where he, Hall, was going, and he answered that he was going to St. Louis, Missouri, with the intention of remaining there if things looked to suit him, and that he intended to start for there on the next Monday morning.

It also appeared that the defendant had been instrumental

Hall *v.* Munger.

in securing the arrest, by his directions to the sheriff, and delivery to him of the order and affidavits for service.

*Edwin Hicks*, for the plaintiff.

*E. G. Lapham*, for the defendant.

Present—Mullin, P. J., Johnson and Talcott, JJ.

Mullin, P. J. The defendant delivered to the sheriff the order of arrest and directed him to make the arrest. He thereby became liable to the plaintiff for false imprisonment, if it was illegal. (*Judson* v. *Cook*, 11 Barb., 642; *Davis* v. *Newkirk*, 5 Den., 92; 1 Wait's Practice, 809; *Brown* v. *Chadsey*, 39 Barb., 253.)

The officer had jurisdiction to make the order and it was regular on its face; the sheriff was therefore protected for making the arrest, and that protection was not impaired by setting aside the order. (*Henry* v. *Lowell*, 16 Barb., 268.)

When process is issued by a court or officer without having jurisdiction, it is void and is a protection to no one; not even the officer who executes it, if the defect appears on its face. In such case it is not necessary to move to set it aside. But when the process is irregular merely, it is a protection to all persons acting in obedience to it until it is set aside. When set aside, the general rule is that it is not a protection to any one but the officer who executes it.

In the case before us the action was commenced by service of the summons on the plaintiff on the 7tn of May, 1866; the order of arrest was made on the 30th day of the same month. It follows that the court in which the action was pending, and the officer who made the order of arrest had jurisdiction. (Code, § 139.)

The order might be irregular but could not be void, because the affidavits presented to the officer did not conform to the provisions of the Code relating to attachments. (*Furman* v. *Walter*, 13 How. Pr. R., 349.)

Hall v. Munger.

If, however, the question was one of jurisdiction and not of regularity, the order must be held valid.

When certain facts are to be proved to a court of special and limited jurisdiction as a ground for issuing process, if there be a total defect of evidence as to any essential fact, the process will be declared void in whatever form the question may arise. But when the proof has a legal tendency to make out a proper case in all its parts for issuing the process, then, although the proof may be slight and inconclusive, the process will be valid until it is set aside by a direct proceeding for that purpose. In the one case the court acts without authority, in the other it only errs in judgment upon a question before it for adjudication. (*Miller* v. *Brinkerhoff*, 4 Den., 118, and cases cited.)

The ground on which the order of arrest in this case was applied for was, that the present plaintiff was about to remove his property from the State with intent to defraud his creditors.

To entitle the party to the order, the statute (Code, § 181) requires him to prove by affidavit, 1st, that a cause of action exists against the defendant; and, 2d, that the person against whom the order of arrest is sought, is about to remove his property from the State with intent to defraud his creditors.

Gaston, the president of the bank bringing the action, swears that Hall was indebted to the plaintiff in the sum of $500 upon a promissory note. He also swears on information derived from Mallory and others, and to his belief, that the said Hall was about to remove from the State all his property with intent to defraud his creditors. Mallory testifies that a few days before he had bought of Hall a horse which he (Hall) said was the last of his property, and paid him therefor; that Hall further said he would not sell for the price paid were he not going away; and in answer to the question where he was going, Hall replied, to St. Louis, and would leave the following Monday.

This affidavit establishes by the admission of Hall (competent evidence against him), that he had sold his property, and

was going to leave the State, with intent to remain if things there suited him.

The only fact not proved by legal, competent legal testimony, was the intent to defraud.

This intent may be a direct and legitimate inference from the facts stated in the affidavit, or it may be sworn to on information and belief. (*Johnson* v. *Moss*, 20 Wend., 145; 2 Wait's Pr., 137, 138.)

It seems to me that the affidavits furnished legal evidence in support of all the facts required to be established, in order to entitle the plaintiff in the action to an order of arrest.

I do not say that the evidence was sufficient to sustain the order on a motion to set it aside, but I do say that the evidence given was legal and competent, and tended to establish all the facts required to be established, to entitle the party to the order of arrest.

If the affidavits furnished competent proof of the facts required to be proved, Justice SMITH had jurisdiction to grant the order; and if the proof was insufficient to sustain the order, it was issued irregularly, and was valid until set aside.

If, therefore, Justice SMITH had jurisdiction to make the order because of the pendency of the action against the plaintiff, or because of the sufficiency of the proof furnished to him, the order may have been irregular, but was not void.

The order being regular on its face, it was a protection to the sheriff notwithstanding it was set aside.

If the proof was such as to confer jurisdiction on the officer granting the order, it was a protection to him notwithstanding it was set aside.

It remains to inquire whether it was a protection to the plaintiff in the action, or his attorney, notwithstanding it was set aside.

The sheriff is protected, if the process is regular on its face, because he has no means of ascertaining whether the court or officer issuing it had jurisdiction, or whether the proceedings to obtain it were in conformity to law, and because he would

Hall *v.* Munger.

be liable to the party in whose favor it issued in damages for neglecting or refusing to execute it.

The judge is protected, because he is bound to pass judicially upon all applications regularly made to him for process, which he has the power to issue ; and it would be unjust to make him liable in damages for an error in judgment when he is acting in good faith.

Is the injustice any the less when the party applying for process presents to the officer authorized by law to issue process the evidence which, as he is advised, entitles him to such process, is held liable in damages for causing such process to be executed, relying, as he must, on the presumption of the proper and regular discharge of judicial duty ?

When a party applies for process which an officer has no power to issue, or fails to comply with the requirements of the law, in order to confer jurisdiction upon the officer to issue, there is some propriety in holding him, as well as the officer, liable, but there is none in holding him liable when he has submitted his case to an officer having jurisdiction to act, and to whom he furnishes evidence tending to establish the facts which entitle him to the process.

The general rule is that when process is set aside, it ceases to be a protection to any person acting upon it. *Chapman* v. *Dyett* (11 W., 31).

I have shown that neither the sheriff who executes, nor the officer who issues, is liable, if he has acquired jurisdiction.

Nor in that case is the party, in whose favor it issues, or his attorney, liable.

This point was directly decided in *Landt* v. *Hilts* (19 Barb., 283). It was upon the authority of this case that the plaintiff in the suit before us was nonsuited. The correctness of that decision is denied, and it is, therefore, necessary to examine the question for ourselves.

That the party ought to be protected is so obviously just, that an argument in support of the proposition is unnecessary. It only remains, therefore, to inquire whether it is supported by authority.

In *Cohen* v. *Morgan* (16 E. C. L., 250), it was held that the defendant, who had made complaint before a justice of the peace, in London, that a certain bill of exchange had been stolen from him, and he had reason to believe the plaintiff had stolen it, was not liable in an action for malicious prosecution. The clerk who wrote down the complaint made the complainant charge the plaintiff with having feloniously stolen the bill. But it appeared that he had not used any such language. On the plaintiff being brought before the justice an examination was had, and the plaintiff discharged.

The plaintiff was nonsuited. In denying the motion to set it aside, ABBOTT, C. J., says: "It appeared to me at the trial that the defendant had taken the proper course. He had lost a bill of exchange, and had reason to suppose that the plaintiff had improperly possessed himself of it. Under this supposition he went before the justice and related the facts and circumstances of the loss. It was for the justice to say whether those facts amounted to felony, and to determine whether he would or would not issue his warrant to arrest the party accused." He then proceeds to say that the defendant was not liable for the error of the clerk in writing down the complaint.

The action was not, as will be seen, false imprisonment. The case is cited for the purpose of showing that the party who appears before a court or officer, states his case, and asks for process, if, in the opinion of the court or officer, he is legally entitled to it, and it is thereupon issued, is not liable, because the process issues illegally, whereby the party arrested is injured. *Carratt* v. *Morley* (41 E. C. L., 417), was false imprisonment against five commissioners appointed under an act of parliament to hold a court for a district in Lincolnshire for the collection of small debts, and to enforce their judgments by execution against the bodies of the defendants. The action was brought against Morley, the commissioners, and officer who made the arrest on the *ca. sa.* issued to enforce the judgment.

The court had jurisdiction only of cases against defendants

Hall *v.* Munger.

residing within their district. The defendants merely applied for process against the plaintiff, who was not a resident of the district. The plaintiff did not appear, although served with process. Judgment by default was taken against him, and the clerk issued an execution against the body, on which plaintiff was arrested, and for such arrest the action was brought.

On the trial the question of liability was reserved and leave given to defendants to move for a nonsuit, and to plaintiff to move for a verdict against all or any of the defendants.

The motions were made and the court ordered judgment of nonsuit in favor of Morley, the plaintiff, in the commis sioners' court, on the ground that he was not liable, inasmuch as he had only stated his case to the commissioners, who proceeded to adjudicate upon it. The case of *Cohen* v. *Morgan, supra,* was there referred to, and the chief justice proceeds to say: " It is clear from that and other cases, and upon principle, that a party who merely originates a suit by stating his case to a court of justice is not guilty of trespass, though the proceedings should be erroneous or without jurisdiction."

The last proposition is true when limited to the case of an application to a court or officer for process, and whose duty is to determine whether the evidence produced is sufficient to confer jurisdiction. It does not apply to the case of a party or his attorney, who issues, or causes to be issued, process, when the court or officer has no jurisdiction, or the steps necessary to confer it are not taken.

It was held in *Taylor* v. *Trask* (7 Cow., 249), that a plaintiff in an action before a justice of the peace, who applied for an execution on a judgment recovered by him, was not liable for false imprisonment upon an execution issued by mistake by the justice.

So in *Peckham* v. *Tomlinson* (6 Barb., 253), the defendant, who had charged the plaintiff with a criminal offence before a justice, employed and paid counsel, and was a witness on the examination, was held not liable for false imprisonment because the judgment given exceeded the jurisdiction of the

court. To make him liable the court say he must be a party to the false imprisonment.

It was held in *Brown* v. *Crowl* (5 Wend., 298) that plaintiffs were not liable for false imprisonment, notwithstanding they had commenced an action against the defendant in error, who had, as they knew, been discharged as an insolvent, for the purpose of procuring his arrest and imprisonment, and insisted before the justice that they were entitled to a judgment, notwithstanding the discharge, so that they might have an execution against the person. The reason assigned for the decision is that it was a question to be decided by the justice, whether the plaintiffs were entitled to judgment, and they had the right to insist upon such judgment, as they deemed themselves entitled to. It was for the justice to decide whether the claim was a legal one, and the decision, though erroneous, was a protection. It should have been corrected by appeal or *certiorari*.

*Cooper* v. *Harding* (53 E. C. L., 928) is very similar to the last. The defendants were attorneys, and obtained summons against plaintiff, requiring him to appear and testify as to a bankrupt's property. He did not appear, and they applied to the commissioners in bankruptcy for a warrant to arrest the plaintiff and bring him before such commissioners, and they urged him to issue the warrant. He, doubting his power, told the defendants they must take it at their peril. They replied they would do so. The warrant issued, and plaintiff was arrested and brought before the commissioners, by whom the warrant was discharged, on the ground that plaintiff was not a person against whom a warrant could issue. The plaintiff had a verdict, with leave to defendants to move for a nonsuit.

After argument of the motion, the court ordered a verdict for defendant, on the ground that ordering a warrant by the commissioners was a judicial act, and whether proceeding on good reason, or bad, he was the person who issued the warrant.

In *West* v. *Smallwood* (3 M. & W., 418) the defendant

Hall *v.* Munger.

was sued for false imprisonment, for causing the arrest of the plaintiff on the warrant of a justice, on a complaint under an act of parliament conferring jurisdiction in such cases on the justice.    But he had none in this particular case. The defendant made the complaint and accompanied the offi-. cer having the warrant, and pointed out the plaintiff as the person to be arrested.    It was held that defendant was not liable for the issuing of the process.    ABINGER, C. B., gives as the reason that when a magistrate has a general jurisdiction over the subject-matter, and a party comes before him and prefers a complaint, upon which the magistrate makes a mistake in thinking it a case within his authority, and grants a warrant which is not justifiable in point of law, the party complaining is not liable as a trespasser, but the only remedy against him is by an action upon the case, if he has acted maliciously.

In view of these cases, I think I may safely assume that the defendant was not liable for the issuing of the order of arrest.

I propose now to consider, very briefly, the effect of the vacation of the order upon the defendant's liability.    Process, utterly void, is no protection, whether it is or is not set aside.    Irregular process is a protection until set aside.    Process is irregular when it is issued by the party, or his attorney, without complying with the requirements of the statute, or the practice of the court.    (2 C. M. & R., 28, note on page 34, citing *Blanchard* v. *Goss*, 2 N. H., 491–493.)

When the process is issued by the court upon the application of a party, and it is not in conformity to the statute or practice of the court, it is erroneous, and is protection, even if it is set aside.

The same distinction between irregular and erroneous process was taken in *Phillips* v. *Biron* (1 Strang·, 509).

The order of arrest was within the principle of the cases erroneous..    I have been unable to find any case in which the party or his attorney has been deprived of the protection

afforded by erroneous process because it was set aside, except the case of *Lyon* v. *Yates* (52 Barb., 238).

In that case, the attachment being set aside, the defendant was held to be a trespasser *ab initio*. The plaintiff was entitled to recover on the facts proved, whether the defendant was or was not a trespasser *ab initio*. When the attachment was set aside, the right of the defendant to retain the property attached was gone, and the plaintiff had the right to sue the defendant for its detention. In other words, the plaintiff was entitled to recover the value of the property retained by the defendant. I do not think the defendant was a trespasser in seizing the property; that was justified by the process; but when the attachment was set aside, the protection afforded by it ceased, and the plaintiff was at once entitled to the property.

Had there been an arrest of the person of the plaintiff instead of seizing of property, the arrest would have been lawful; but a continuance of the imprisonment after this order of arrest was vacated would have been unlawful, and subjected defendant to an action for false imprisonment.

When property is taken upon an attachment or execution, the taking is lawful, if the court or officer had jurisdiction. When, however, the process is set aside, the protection afforded by it ceases, and the owner may at once sue for it, and, upon proof that the process has been set aside, is entitled to recover. When, however, the action is for illegally arresting the plaintiff, the arrest is justified by proof of process; authorized, even if set aside, and the plaintiff cannot recover, unless he shows imprisonment after the order of arrest is vacated.

The case of *Kerr* v. *Mount* (28 N. Y., 659) is not an authority for the ruling in *Lyon* v. *Yates*, as the attachment was issued by an officer without jurisdiction. It was utterly void, and no protection to any one except the officer. The reversal of a judgment upon which a *ca. sa.* has issued, does not subject the plaintiff to an action for false imprisonment. The judgment was the act of the court, and protects the party for acts done under it. But if it is set aside for irregularity,

Hall *v.* Munger.

the party is liable, because the entry of the judgment is the act of the party, not of the court.   (3 Lansing, 53.)

In several of the cases cited in support of the proposition that a party who applies to a court or officer for process, and submits evidence in support of his application, such as he thinks entitles him to it, is not liable if the court or officer issues it supposing jurisdiction has been acquired, when, in law, it has not, it is said that if the party, or his attorney, shall take any part in enforcing the illegal process, he is liable for false imprisonment; and it has been held that proof that the attorney gave the process to the officer, with directions to make the arrest, made a case for the jury, as to whether he had not exceeded his duty as attorney, and made himself a party to the trespass.

In the case before us there was evidence that the defendant delivered to the sheriff the process and directed the arrest; a case was thus made for the jury.

But the plaintiff's counsel, although apprised that a non-suit was moved for, on the ground that the order protected the defendant, did not request that it should be submitted to the jury whether the defendant had exceeded his duty as attorney.

Requesting a submission of the case to the jury on the whole evidence, cannot be considered as equivalent to a request to submit the specific point under consideration. The attention of the defendant's counsel and of the court was directed to the legal question raised by the motion for a nonsuit.   There was no question for the jury connected with it, and it was due alike to court and counsel that if the plaintiff's counsel desired to have some other question submitted to the jury, he should have suggested it.   Failing to do that, I think he cannot now be heard to object that the question now suggested should have gone to the jury.

The judgment should be affirmed.

JOHNSON, J.   The decision in the case of *Landt* v. *Hilts* (19 Barb., 283) is directly in point, and is decisive against the

plaintiff's right of action, unless it has been overruled, either
directly or in effect, by subsequent adjudications. The plain-
tiff's counsel insists that the decision in that case has been,
in effect, overruled by the decisions in *Kerr* v. *Mount* (28
N. Y., 659) and *Lyon* v. *Yates* (52 Barb., 237); but it will
be seen by an examination of those cases that neither of them
touch the question decided in *Landt* v. *Hilts*. In *Kerr* v.
*Mount* the attachment under which the goods had been
seized and taken had been set aside as having been irregu-
larly issued and served, before any action had been com-
menced. It was set aside expressly upon the ground of
irregularity in issuing it, as appears by the report of the
decision in 2 Sand., 661. And beside this, the property
seized and taken had all been returned after the attachment
was set aside except one article, but in an injured and dam-
aged condition, and the action was brought to recover the
damage to the property returned, and the value of the articles
not returned. In *Lyon* v. *Yates* the attachment had also
been set aside for irregularity, and it was so treated by the
court, and the decision placed upon that ground. The case,
as reported, does not show the precise ground on which the
attachment had been set aside at the Special Term. That
fact probably appeared upon the trial, and enough appears in
the case as reported to show that it might have been set aside
on that ground. The affidavit containing the facts on which
the attachment was issued appeared on its face to have been
made in Onondaga county before a notary of Wayne county.
In addition to this, the action was brought for a conversion
of the goods taken, which the defendants attempted to justify
by showing that they had taken the goods afterward on exe-
cution in other judgments. Of course an attachment, how-
ever issued, cannot, after it has been set aside, justify the
destruction or conversion of the property taken to be held
under it. But when the attachment is set aside as having
been irregularly issued, the case then comes within that class
of cases establishing the very familiar rule that a process set
aside for irregularity affords no protection to the party in

Hall *v.* Munger.

whose favor it has been issued for acts done under it. It is unnecessary to cite authorities on that question, as the rule must be quite familiar to every lawyer. But in *Landt* v. *Hilts, supra,* the order of arrest, which is undoubtedly in the nature of a process, was not set aside for irregularity; nor was it in the case at bar. The plaintiff had been regular, and taken all the steps required by the Code. The order of arrest under the Code is of the same nature and has the same office that the order to hold to bail indorsed upon the *capias* had under the former practice. The order when indorsed upon the process became a part of it and rendered it bailable. An irregularity is defined to be the want of adherence to some prescribed rule or mode of proceeding; and it consists either in omitting to do something that is necessary for the due and orderly conducting of a suit, or doing it in an unseasonable time or improper manner. (Tidd Pr., 533; Graham's Pr., 566, 1st ed.; Bouv. Law. Dic., term "Irregularity.") The application in the case at bar was in due form, and made at a proper time, and the officer to whom it was made had jurisdiction to issue it. The affidavit was in proper form, and contained facts enough to give color, and to call upon the judge to whom it was presented to take the facts stated into consideration and determine in respect to their sufficiency. He determined that they were sufficient, and granted the order. The order was, therefore, regularly issued. It was regular, but erroneous. The error was that of the judge and not of the party. It consisted in his determination that the facts presented were sufficient to authorize the issuing of the order, when they were not sufficient. The order setting it aside for that reason merely corrected the judicial error. A party who has been regular can never be made liable for acts properly done in execution of an order or judgment while it is in force, but which has been afterward reversed for the error of the court or judge. Such acts are lawful; and it is a fundamental rule that an act which is perfectly justifiable and lawful when done, can never be rendered unlawful and converted

into a trespass. by relation. Its quality cannot be changed by a legal fiction. (*Tharpe* v. *Stallwood*, 5 Man. & Gr., 760 ; 44 E. C. L., 397 ; *Pratt* v. *Potter*, 21 Barb., 589.) And herein lies the true distinction between acts done, under an order or process regularly, and one irregularly issued before they are set aside. In the former case the acts have never been wrongful ; while in the latter they have been wrong from the beginning ; and the adjudication and order setting the process or order aside for that cause, determines the nature and quality of the act from the first. This distinction is pointed out and illustrated in *Woodcock* v. *Bennet* (1 Cow., 711 ); see also *Skinnion* v. *Kelley* (18 N. Y., 355) ; *Pratt* v. *Bogardus* (49 Barb., 89) ; *Kissock* v. *Grant* (34 id., 144) ; *Simpson* v. *Hornbeck* (3 Lans., 55). In the case last cited, the distinction is shown between acts done under a judgment which is afterwards reversed for error, and acts done under a judgment which is afterward set aside for irregularity.

The plaintiff, in the action in which the plaintiff in this action was arrested, was obliged to apply to the judge on an affidavit before he could obtain his order of arrest, which the judge must issue. He applied, so far as appears, in good faith, and in a regular and proper manner upon an affidavit containing facts sufficient to submit to the judge, and to call upon the judge to determine whether they were sufficient. Upon the determination of the judge in the affirmative he issued the order. The order thus issued, embodied the judgment of a judicial officer, that the party applying was, as matter of law, entitled to the order, and also the command of such officer to execute the order so issued. There was no irregularity, and the error was the error of the judge. The order was executed in a suitable and proper manner, and what the defendant here did, was done for and in behalf of the plaintiff in that action only. The arrest complained of, was while the order was in full force, and was terminated and the imprisonment ended before the order was set aside. To hold a party or his agent liable as a trespasser in such a case, would

be making parties to actions responsible as trespassers for the errors and mistakes in judgment of courts and judicial officers, who are in no respect their agents. This can never be allowed. (*Stanton* v. *Schell*, 3 Sandf. S. C. R., 328.)

The plaintiff was therefore, properly nonsuited, and a new trial must be denied and judgment ordered for defendant.

Judgment affirmed.