ATWELL MARTIN, APPELLANT, *v.* MARTHA A. ROBERTS, RESPONDENT.

*Married women — are liable for money borrowed by them, independent of the uses to which they may apply it.*

A married woman is liable upon a several promissory note given by herself and her husband for money borrowed by and loaned to her, without regard to the purposes for which the money was borrowed or used. If she borrowed it she is liable to repay it, whether it was expended for the benefit of her husband or for that of her separate estate or business, or disbursed by her for any other purpose.

APPEAL from a judgment, entered in Oneida county for the defendant on a verdict, and from an order denying a motion for a new trial upon the minutes of the justice before whom the action was tried, and also from an order denying a motion for a new trial on the ground of newly discovered evidence.

*E. H. Risley,* for the appellant.

*Walter Ballou,* for the respondent.

HARDIN, J.:

Plaintiff, in his complaint, avers that he loaned to the defendant April 13, 1872, "the sum of one hundred dollars for the benefit of her separate estate, it being the consideration for the note set out in the complaint, which was the several note of the defendant and her late husband, Owen D. Roberts."

The answer of the defendant denied the allegation, and set up that defendant was a married woman when the note was executed and delivered, and averred "that the consideration for the note mentioned in the complaint was money borrowed by her husband, Owen D. Roberts, to be used by him in his business, and that the same was received by him, and this defendant signed said note as surety for her said husband, all of which was known to the plaintiff at the time said money was loaned, and said note executed and delivered."

Upon the trial the plaintiff gave evidence tending to show that the loan of money was to the defendant; that the money was handed to her, and "she looked it over" and replied there was $100, and

in the presence of the plaintiff " told Mr. Roberts to go and pay that on her premises and bring her a receipt." Defendant gave evidence tending to support the averments of her answer.

The court submitted the case to the jury, and a verdict was rendered for the defendant. The learned judge instructed the jury that " in this case it is incumbent upon the plaintiff, in order to recover either, to show first that the *money was in fact applied* for the benefit of the separate estate of the defendant * * * * or prove that the money was borrowed on her part for the avowed. purpose of applying the same for the benefit of her estate, and the loan was made and the note taken in reliance upon such representation. ' One of these two things must be established, either one or the other, either being established, the plaintiff can recover.' * * * One or the other of those things must be proved to your satisfaction. If neither was proved defendant is entitled to the verdict." No further request was made for any further instructions to the jury.

But as we understand the late cases, the court might have properly instructed the jury that if they found the money was loaned to the female maker of the note, this defendant, then she was liable upon the note given therefor. (*Tiemeyer* v. *Turnquist*, 85 N. Y., 520.) In that case FINCH, J., speaking of the rights and obligations of married women, says : " If she buys on her own account she must expect to be herself liable for the price. No law prescribes or limits the kind or character of property which she may acquire, nor does it dictate what *she shall do* with it when it becomes her own. If it was money or land she might consume it in support of her family, and it is none the less her separate property because she chooses *not to hold* it as such, but consumes it for the benefit of others as well as herself. It is enough that it is hers ; hers to keep, or give away, or sell or consume in the support of her family." Nothing was said in *Broome* v. *Taylor* (76 N. Y., 564) inconsistent with the doctrine we have just quoted, as it did not appear that the bond in question was given for a loan to the female defendant and obliger.

*Cashman* v. *Henry* (75 N. Y., 103) held that a married woman was liable for purchases made by her, although she had no antecedent estate to be benefited, and although the purchase was not made for the purpose of a trade or business. So in the case in

hand, if the defendant was the borrower she was liable to repay the money. This would be so, whether she gave the money she borrowed to her husband, expended it for his benefit or disbursed it for herself or through him as her agent, for the benefit of her separate estate, or in her separate business or otherwise. We are brought to see, therefore, that it was very important to the plaintiff's right to recover, that the jury should be told that a borrowing by her, as the plaintiff had stated was the case, was sufficient to warrant a verdict for the plaintiff. The charge did not contain that proposition untrammeled, clear and independent as a sufficient proposition upon which, being found, the jury might hinge a verdict for the plaintiff. When the plaintiff rested he reserved the right to recall the plaintiff who, as the case states, was not there in the court room. The defendant took the case and put the defendant upon the stand, who denied the facts stated by the plaintiff tending to show that the loan was to her, and not to her husband, and she called another witness to corroborate a part of her testimony. Then the plaintiff took the case and was recalled as a witness and asked, viz.: " What was said between you and Mrs. Roberts on that occasion on the subject of this dispute claimed ? " This was objected to as immaterial and reopening, and the objections were sustained and an exception taken.

The witness had said he had a conversation with the defendant at North Lake after the suit was commenced, and we then must assume the object of the question was to show that she made statements in that conversation inconsistent with the evidence she had just given. Certainly the question called for evidence which bore upon the issue between the parties in respect to the loan, and therefore it was material. Under the circumstances attending the reservation of the right to recall the plaintiff, and in light of the fact that the defendant had just given her version of the transaction, we cannot say that the question could properly be excluded, as a matter of discretion.

So far as the evidence would bear upon her credibility as a witness, it could not be said to be a reopening of the case. It was the first stage of the case which had come to plaintiff when it was competent for him to show any statements of hers inconsistent with his evidence. We think the ruling was too severe upon the plain-

tiff, and that the question propounded to him was proper at the stage of the case when it was put. *Henry* v. *Lowell* (16 Barb., 268) is not in point, as in that case the *offer was to give further* evidence as to plaintiff's injuries in an action of assault and battery. After the defendant had rested it was properly held that the refusal to reopen the case was a proper exercise of discretion by the trial court. Nor is *Chapman* v. *Brooks* (31 N. Y., 87) in point, as the question put in that case presumptively had no bearing upon the case, and nothing was said to the trial judge to call his attention to the bearing of the question upon the issue. Second. As to the motion for a new trial upon newly discovered evidence, we think it was properly disposed of at Special Term, and we concur in the views expressed by MERWIN, J., in denying the motion.

The judgment and order denying a new trial, made on the judge's minutes, should be reversed and a new trial ordered, with costs to abide the event, and the order denying a new trial made on the ground of newly discovered evidence should be affirmed.

SMITH, P. J., and HAIGHT, J., concurred.

So ordered.