AUGUST BELMONT, Respondent, *v.* PETER P. CORNEN et al., Appellants.

Under the provision of the Code of Procedure (§ 135), which authorized the service of a summons by publication, when it should appear by affidavit, "to the satisfaction of the court, or a judge thereof," that the defendant could not, "after due diligence, be found within the State," the court or judge was empowered to pass upon the sufficiency of the evidence as to the exercise of due diligence.

Where an affidavit contained allegations tending to show that efforts had been made to find the defendant within the State, and that he was not there, it gave jurisdiction to the court, or judge, to pass upon the question of the sufficiency of the proof; and if so satisfied, neither the order for publication nor the judgment based thereon can be impeached collaterally.

An affidavit, presented on application for an order of publication in a foreclosure suit, showed that plaintiff placed in the hands of the sheriff of the city and county of New York, where the premises were situated, and where the venue was laid, a summons in the action, and received from him an official return that he had used due diligence to find the defendants in his county but was unable to do so. The affidavit further alleged that the deponent, who was the plaintiff's attorney, had been informed by M., a counselor at law, who had had professional dealings with the defendants, that they were non-residents of this State, living in Connecticut, which deponent verily believed to be true. Upon motion to vacate the order and the judgment, the non-residence of the defendants was conceded. *Held* (FOLGER, Ch. J., and DANFORTH, J., dissenting), that the

affidavit was sufficient to give the judge jurisdiction to pass upon the question of due diligence, and to authorize the granting of the order.

(Argued September 21, 1880; decided October 5, 1880.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, affirming an order of Special Term, which denied a motion to vacate an order for service of the summons herein by publication, and the judgment and sale thereunder.

This action was brought to foreclose a mortgage upon premises situate in the city of New York; the venue was laid in the city and county of New York.

The order of publication was granted upon the following affidavit (omitting title and jurat):

" STATE OF NEW YORK, } *ss. :*
*City and County of New York,* }

John Hone, of said city, being duly sworn, doth depose and say, that he is the attorney for the plaintiff in the above entitled action; that this action is brought to foreclose a mortgage made and executed by the said defendants, Peter P. Cornen and Lydia A. his wife, to the said plaintiff, to secure the sum of $60,000, with interest, on real property in the city and county of New York, in this State.

That a cause of action exists in favor of the said plaintiff against the said defendants, by reason of the non-payment of the bond for which the said mortgage was given as security, as set forth in the complaint filed in this action, and that said defendants are proper parties to said action as owners of the equity of redemption in said premises.

That the said defendants, Peter P. Cornen and Lydia A. his wife, are not residents of this State, but reside in the town of Ridgefield, in the State of Connecticut, as deponent is informed by George M. Miller of this city, counselor-at-law, who has had professional dealings with said defendants, which information deponent believes to be true.

That a summons has been issued in this action directed to

the said defendants; that the same has been given to the sheriff of the city and county of New York to be served according to law; that due diligence has been used by the said sheriff to find the said defendants in his county so as to serve them therewith and that the said defendants cannot, after such due diligence and inquiry, be found within this county or State, but that they reside in Connecticut, as appears by the certificate or return of the said sheriff hereto annexed.

That the said defendants have property within this State, to wit, the said mortgaged premises hereinbefore referred to.

JOHN HONE."

*Samuel Hand* for appellants. The averments of the affidavit upon which the order of publication was granted were not sufficient to confer jurisdiction. (Code of Procedure, § 135; *Wortman* v. *Wortman*, 17 Abb. Pr. 66; *Bixby* v. *Smith*, 5 T. & C. 279; 49 How. Pr. 50; *Hallet* v. *Righters*, 13 id. 43; *Scofield* v. *Doscher*, 72 N. Y. 491.)

*Arthur D. Vinton* for respondent. The proof upon which the order of publication was granted was sufficient. (Code of Procedure, § 135; *Howe Machine Co.* v. *Pettibone*, 74 N. Y. 68; *Van Wyck* v. *Hanley*, 39 How. Pr. 392; *Roche* v. *Ward*, 7 id. 416; *Titus* v. *Relyea*, 17 id. 268; *Wells* v. *Thornton*, 45 Barb. 390; *Collins* v. *Ryan*, 32 id. 647.)

RAPALLO, J. To authorize a judge to grant an order for the service of a summons on an absent defendant by publication in a case like the present one, the 135th section of the Code, which was in force when the order now under review was made, required that it should appear by affidavit *to the satisfaction of the court or judge*, that the defendant could not, *after due diligence*, be found within the State.

The court or judge making the order of publication was, by this enactment, empowered to pass upon the sufficiency of the evidence that due diligence had been used to find the defendant within the State and that he could not there be found.

If the affidavit presented to a judge to whom application was made for such an order, contained allegations tending to show that efforts had been made to find the defendant within the State and that he was not there, the judge was, by the section before referred to, vested with jurisdiction to pass upon the question of the sufficiency of the proof of those facts, and, if the proof satisfied him, neither his order nor the judgment based thereon could be impeached collaterally.

The determination of the appeal now before us depends upon the simple question whether the affidavits upon which the order of publication was granted were sufficient to enable the judge to intelligently be satisfied, that after due diligence the defendant could not be found within the State.

On the question of diligence, the affidavits showed that the plaintiff placed in the hands of the sheriff of the city and county of New York, the proper officer, a summons in the action, and received from him an official return that he had used due diligence to find the defendants in his county but was unable to do so. The affidavit further showed that the plaintiff's attorney had himself made inquiries to find the defendants, which resulted in information, from a reliable source, that they resided in another State. This fact is conceded. The affidavit, to say the least, showed that some effort was made to find the defendants and effect service upon them within the State, and that it was impracticable. The fanciful suggestion that the defendants might have been found transiently here is not sufficient to deprive the judge of jurisdiction to determine that the case was a proper one for service by publication. Neither can we sanction the criticism that the evidence of an effort to serve the defendants was insufficient because the summons was placed in the hands of the sheriff of the county of New York only, and that his certificate was merely that the defendants could not be found within that county. We think it would have been unreasonable to require that the plaintiff's attorney should have issued a summons to the sheriff of every other county in the State. Such an extreme degree of diligence was not necessary to satisfy the judge, in view of the fact, not de-

nied, that they resided out of it. While great caution should be exercised in granting these orders, and parties should be treated liberally in opening judgments if injustice has been done, mere technical objections, like those now raised, should not be held to invalidate a judgment upon which the title to real estate depends.

The order should be affirmed.

All concur, except FOLGER, Ch. J., and DANFORTH, J., dissenting; the latter reading opinion for reversal.

Order affirmed.