## SUPREME COURT.

HENRY D. DONNELLY, as sequestrator, &c., agt. WILLIAM WEST and MARY McDONALD.

*Action for divorce — Affidavit and order for publication of summons— Suf-*
*ficiency of affidavits to authorize court to grant order — Jurisdiction.*

Proceedings will be upheld when taken in good faith, in the absence of any affirmative evidence disproving the facts alleged, if the original papers contained evidence calling for the exercise of the judgment of the officer who is required in the first instance to determine their sufficiency.

Where a court or officer has such a degree of evidence before him as fairly to require the exercise of judgment upon its weight and effect, an erroneous conclusion simply renders his act voidable but not void. When the proof has a legal tendency to make out a proper case in all its parts for using the process, then, although the proof may be slight and inconclusive, the process will be valid until it is set aside by a direct proceeding for that purpose.

Donnelly agt. West.

In an action for a limited divorce the plaintiff stated in her affidavit that the summons was issued on or about March twenty-eight last, that she is informed by her attorney and verily believes that diligent efforts have been made to serve the same on the defendant, but that he cannot be found within this state and that personal service, for that reason cannot be made within this state. She then avers that prior to and at the time of issuing the summons, the defendant resided in the city of New York, but that since such time she has been informed by the defendant, by a letter received from him, that he has gone to Greenwich, Connecticut, to reside, and that he resides there, and that deponent has also been informed by others, and believes, that the defendant is boarding and staying at Greenwich, and as deponent is informed and believes he is remaining there to avoid the service of the summons on him. That defendant has a dwelling-house which he has heretofore long occupied as a residence in the city of New York and a large amount of property in that city, and that he is the husband of deponent, and that she separated from him because of his ill-treatment of deponent at the city of New York, and his refusal to support her, and that this action is brought for a limited divorce, and to obtain a decree or judgment for a separation and for a separate support and maintenance, and that the place of trial is in Chemung county. And deponent further says that a good cause of action exists against this defendant and for which this action is brought. Accompanying this affidavit are two affidavits by parties employed, stating the efforts which they had made to serve the defendant within this state.

*Held,* that the facts stated in these affidavits is evidence sufficient to justify the judge in his conclusion as to the non-residence of the defendant, and as to his having departed from the state with the intent to avoid the service of the summons, and there certainly was some evidence that the defendant could not, with due diligence, be found or served within the state.

While it is necessary for the affidavit to show facts constituting a cause of action, it is not necessary to give all the evidentiary facts. The resultant facts are sufficient, if stated in the affidavit, to give the court jurisdiction.

*Held,* that the affidavit of plaintiff sets forth the resultant facts, to wit: That in consequence of his ill-treatment of her and his refusal to support her at the city of New York, she separated from him and that this action is brought for that reason.

*Held,* further, that there is enough in the affidavit to bring the case within one or both of the provisions of 3 Revised Statutes, page 157, which permits a separation for the cruel and inhuman treatment by the husband of his wife, and also " for such conduct on the part of the husband towards his wife as may render it unsafe and improper for her to cohabit with him.

*Held,* also, that there was in this case evidence before the judge who made the order for publication (though slight), tending to show that both parties were in legal contemplation inhabitants of this state at the time of the commencement of this action in which the plaintiff was appointed sequestrator.

Although it might be that on an application directly to open the judgment in the case of *West* agt. *West,* the court would deem that the affidavit on which the order of publication was based, was not sufficiently specific, yet in this action the record of this judgment is *prima facie* evidence and must be held conclusive until clearly and explicitly disproved.

*Special Term, December,* 1880.

THIS action is brought by the plaintiff who was appointed sequestrator of the personal property of defendant West, to set aside certain conveyances made by him to his daughter, as fraudulent and void as against the plaintiff in actions of *West* agt. *West.*

*E. H. Benn,* for plaintiff.

*John McDonald* and *William Fullerton,* for defendant.

LAWRENCE, *J.* — It is said by COUNTRYMAN, J., in *Handly* agt. *Quick* (47 *How. Pr.*, 235) that the general tendency of the recent decisions is to uphold the proceedings when taken in good faith, in the absence of any affirmative evidence disproving the facts alleged, if the original papers contained evidence calling for the exercise of the judgment of the officer who is required in the first instance to determine their sufficiency. And the authorities cited by the learned justice, in his opinion, seem to fully sustain his view of the law *(See Van Wyck* agt. *Hardy,* 39 *How.,* 392; *Waffle* agt. *Gable,* 53 *Barb.,* 517; *Peck* agt. *Cook,* 41 *Barb.,* 549; *Miller* agt. *Adams,* 52 *N. Y.,* 409; *Steinle* agt. *Bell* agt. 12 *Abb.* [*N. S.*], 171; *Talcott* agt. *Rosenberg,* 8 *Abb.* [*N. S.*], 287).

And Mr. justice DANIELS, in delivering the opinion of the general term of this court in *Von Rhade* agt. *Von Rhade* 2 *T. and C.,* 491), says: "Where a court or officer has such a

Donnelly agt. West.

degree of evidence before him as fairly to require the exercise of judgment upon its weight and effect, an erroneous conclusion simply renders his act voidable, but not void." And he says again: "The rule upon this subject has been declared in the following terms: 'When the proof has a legal tendency to make out a proper case in all its parts for using the process, then, although the proof may be slight and inconclusive, *the process will be valid until it is set aside by a direct proceeding for that purpose*'" (*See Miller* agt. *Brinckerhoff*, 4 *Denio*, 118, 120; *Staples* agt. *Fairchild*, 3 *N. Y.*, 41, 46).

Tested by the rules above stated, I am of the opinion that there was sufficient in the affidavits presented to the county judge of Chemung county to call upon him to exercise his judicial judgment, and even if I were disposed to differ with him as to the judgment he formed upon those affidavits, I could not hold that the court had no jurisdiction over the defendant William West, and that the judgment rendered against him was therefore void (*See Von Rhade* agt. *Von Rhade;* 2 *Thompson & Cook*, 491, 494, 496; *Hall* agt. *Munger*, 5 *Lans.*, 100).

Mrs. West states in her affidavit that the summons in this action was issued on or about the twenty-eighth day of March last; she then states that she is informed by her attorney, and verily believes, that diligent efforts have been made to serve the same on the defendant, but that the defendant cannot be found within this state, and that personal service, for that reason, cannot be made within this state. She then avers that, prior to and at the time of issuing the summons, the defendant resided in the city of New York, but that since the issuing of said summons she has been informed by the defendant, by a letter received from him, that he has gone to Greenwich, in Connecticut, to reside, and that he resides there; and that deponent has also been informed by others, and believes, that the defendant is boarding and staying at Greenwich aforesaid, in the state of Connecticut, and, as deponent is informed and verily believes, he is remaining there

to avoid the service of the summons on him in this action. The deponent then alleges that the defendant has a dwelling-house, which he has heretofore long occupied as a residence, in the city of New York, and a large amount of property in that city; and that he is the husband of deponent; and that she separated from him because of his *ill-treatment of deponent at the city of New York aforesaid*, and his refusal to support her, about the eighth of April last; and that this action is brought for a limited divorce, and to obtain a decree or judgment for a separation from bed and board forever, and for a separate support and maintenance; and that the place of trial is in Chemung county. The affidavit proceeds: "And deponent further says that a good cause of action exists against the defendant, and for which this action is brought as aforesaid; and further deponent saith not." Accompanying this affidavit are two affidavits made by parties employed by the plaintiff's attorney, stating the efforts which they had made to serve the defendant within this state.

The county judge upon these affidavits declared that it appeared to his satisfaction that the defendant cannot, with due diligence, be found within this state, and that it further appeared by the affidavit of Emma E. West, the plaintiff, that a cause of action in favor of the plaintiff exists against the defendant. The order further recites "and it also appearing by affidavit as aforesaid that the defendant is not a resident of this state or has departed therefrom to avoid the service of the summons in this action, and that he now resides in Greenwich in the state of Connecticut, and that this action is for a limited divorce, to wit, to obtain a decree for a separation of the plaintiff from the defendant and for separate maintenance, and the place of trial being in Chemung county, &c., it is ordered that service be made on the defendant by publication," &c. How can it be said that these affidavits did not present any case calling upon the county judge to exercise his official judgment. Mrs. West shows in her affidavit that the defendant himself had stated to her by letter since her separa-

tion from him that he had gone to Greenwich in the state of Connecticut to reside. This alone was a fact upon which the judge might well be justified in reaching the conclusion that the defendant was a non-resident, but taken in connection with the other facts stated in her affidavit and in the two accompanying affidavits, it was evidence both as to the non-residence of the defendant and as to his having departed from the state with the intent to avoid the service of the summons. And there certainly was some evidence in the other affidavits that the defendant could not with due diligence be found or served within this state.

But it is said that there is no evidence that Mrs. West had a cause of action against her husband, and the criticism is made that the affidavit is defective because it states in the language of the statute that a cause of action exists against the defendant. If that were all that the affidavit contained, the criticism might be just. But there is much more. Mrs. West, as has already been shown, swears that the defendant is her husband; that he has a dwelling-house which he has heretofore long occupied as a residence in the city of New York, and a large amount of property, and that she separated from him because of his ill-treatment of her *at the city of New York aforesaid and his refusal to support her*, about the eighth of April last, and that this action is brought for a limited divorce and to obtain a decree, &c. Now I do not understand that while it is necessary for the affidavit to show facts constituting a cause of action, it is necessary to give all the evidentiary facts. The resultant facts are sufficient, if stated in the affidavit, to give the court jurisdiction. Mrs. West's affidavit sets forth the resultant facts, to wit, that in consequence of his ill-treatment of her and his refusal to support her at the city of New York, she separated from him, and that this action is brought for that reason. It is also said that the statute does not authorize a limited divorce because of "ill-treatment," and that the affidavit is therefore defective.

The statute permits a separation for the cruel and inhuman

treatment by the husband of his wife, and also "for such con-
duct on the part of the husband towards his wife as may render
it unsafe and improper for her to cohabit with him" (3 *R. S.*,
157).

There is, I think, enough in the affidavit to bring the case
within one or both of these provisions of the statute. As to
the objection that the affidavit does not show where the mar-
riage was solemnized, nor the residence of the plaintiff, nor
bring the case within any of the provisions of the statute in
reference to the place of the solemnization of the marriage,
it will be sufficient to refer to the language of justice DANIELS
in *Von Rhade* v. *Von Rhade* (4 *Thompson & Cooke*, 497).
The learned justice says: "As to the fact of inhabi-
tancy the case was not entirely unsustained, because the
complaint and the affidavit on which the order of publication
was made, were both verified within this state by the plaintiff
on the 10th of March, 1873, and she appears to have also
been in this state when the order of reference was executed.
From these circumstances the court could properly infer that
she was an inhabitant of this state when the complaint was
filed, and also through the month of March, 1873, when the
defendant's misconduct was shown to have occurred." The
case of *Otto* agt. *Otto* (8 *Weekly Dig.*, 413), was an applica-
tion made directly to the court to set aside the order of pub-
lication. And *Yenni* agt. *Yenni* (reported 1 *Law Bulletin*,
2), seems to have been a refusal to grant the order in the first
instance.

It may well be that on an application directly to open the
judgment in the case of *West* agt. *West*, the court would
deem that the affidavit on which the order of publication was
based was not sufficiently specific, but in this action the record
of the judgment is *prima facie* evidence, and must be held
conclusive until clearly and explicitly disproved (*Bosworth*
agt. *Vanderwalker*, 53 *N. Y.*, 597, *and cases cited in opinion
of* FOLGER, *J.*).

It was held in *Hall* agt. *Munger* (5 *Lans.*, 100), that where

an order of arrest had been granted in due form on affidavits setting forth but slight evidence of the requisite facts, *and which, on motion to set it aside, would be insufficient to support it, the order was nevertheless within the jurisdiction of the judge* and a protection to the party obtaining it, as well as to the judge who granted and the officer who made an arrest under it before it was set aside, *and that such an order was merely erroneous.* Besides there was in this case evidence before the judge who made the order for publication, slight, it is true, but some evidence tending to show that both parties were in legal contemplation inhabitants of this state at the time of the commencement of the action of *West* agt. *West.* (See those portions of Mrs. West's affidavit which refer to the long previous residence of the defendant in this city, and to the dwelling-house long occupied by him, and also accompanying affidavits.) (*Crawford* agt. *Wilson,* 4 *Barb.,* 519, 523).

The county judge in his order concludes that the defendant either resided out of the state, or had departed therefrom to avoid the service of the summons. If the latter fact was true, then West never had lost his inhabitancy in this state; and as regards his wife, the affidavit shows her to have been an inhabitant of this state when the separation took place, *at the city of New York,* and the verification of her affidavit was in Chemung county, within this state. If any presumptions are to be indulged in, the presumption must be that she had never gone out of this state (*Von Rhade* agt. *Von Rhade, supra*). If the judgment in the action in which the plaintiff was appointed sequestrator of the property of William West is valid, I do not see how the prayer of the complaint can be denied. That the conveyances which were made by him to his daughter, were made to prevent the wife from realizing the fruits of any judgment which she might obtain against him, I regard as most plainly apparent (*Donnelly* agt. *West,* 17 *Hun,* 564). The plaintiff is therefore entitled to judgment declaring that the conveyances and transfers mentioned in the complaint were fraudulent and void as against the judgment

obtained by Emma E. West against William West, and as against the plaintiff, and he is also entitled to the further judgment which is demanded in the complaint.

Decreed accordingly.