### SUPREME COURT.

CHARLES BINGHAM agt. JENNIE BINGHAM, by guardian.

*Divorce — Summons — Service by publication—Code of Civil Procedure, sections 438, 439, 440 — When affidavit to obtain order insufficient*

Under sections 438, 439 and 440 of the Code of Civil Procedure, in an action for divorce, for the purpose of obtaining an order to serve summons by publication, it is necessary for the plaintiff to show that he has been or will be unable, with due diligence, to make personal service of the summons.

Where the affidavit of the deputy sheriff only showed, of his own knowledge, that he went to the house where defendant resided with her mother and found it locked, the rest of his affidavit being only report or hearsay or conclusions:

*Held*, not sufficient to warrant an order for publication of the summons.

*Held*, also, that an appearance and answer by the *guardian ad litem*, was not a waiver of any defects in the service of the summons.

*Oneida Special Term, October*, 1884.

MOTION by defendant to set aside the order for publication of summons, and, in case this is denied, then for alimony.

*B. B. Kenyon*, for defendant.

*Evans & Waters*, for plaintiff.

MERWIN, *J.*—The apperance and answer by the guardian, *ad litem*, was not a waiver of any defects in the service of the summons (*Ingersoll* agt. *Mangerson*, 84 *N. Y.*, 622). The question then, is, whether the order of publication is valid. The action is for divorce. The order was under subdivision 4 of section 438 of Code of Civil Procedure, and section 439, and it provided, under section 440, for the publication in two newspapers, and dispensed with the deposit in the post-office.

Under the above sections, the action being for divorce, it was necessary for the plaintiff to show that he has been or will be unable, with due diligence, to make personal service of the summons. Upon this question the affidavits of the plaintiff, and of Mr. Coonradt, both verified June 17, 1884, furnished the basis of the order. The affidavit of Coonradt is, in substance, that he is a deputy-sheriff of Oneida county, and has been acquainted with defendant for a number of years; that her mother resides and has resided, for a long time, near Lee Centre, in town of Lee; that from about September 1, 1883, up to some time the following winter, defendant resided with her mother; that during the past eight months he has frequently seen defendant in and about the town of Lee, and supposed, up to the time the summons was given him to serve, that she resided with her mother; that on June 4, 1884, he received the summons for service, and went to the house of the mother, found no one at home and the house locked up; that he made inquiry of four persons (naming them), and others who lived near the mother's, and was told that defendant had been living with her mother, but had left, and that it was the report that she had gone off to Canada with a man—naming him—but to what place in Canada he could not ascertain; that he made inquiry of several persons in said county in reference to the whereabouts of defendant, but could get no information, except as above stated, and he names two others in Lee that he inquired of.

Bingham agt. Bingham.

The affidavit of the plaintiff states no further facts bearing upon the inability to make personal service, and it states that the last place of residence of defendant, to his knowledge, was with her mother in Lee, and that he verily believes that to be her residence.

No affidavit from the neighbors of defendant are produced. It does not appear when defendant left, or where the mother was, or that she could not be found.

The basis of the report is not shown. It may be that there was enough in the affidavits to call for the exercise of judicial discretion, and that, therefore, the order would not be impeachable collaterally (82 *N. Y.*, 256). This is, however, a direct proceeding, and the question is, whether, upon the affidavits, the order ought to have been granted.

It will be borne in mind this is not a case where the main ground is that of non-residence, and, as incidental to that, it must also be shown that the party cannot, after due diligence, be personally served. In such a case non-residence being conceded, slighter evidence of the other fact may be sufficient. But here the main substantial ground is inability to make personal service, the fact of residence here being conceded.

It must also be borne in mind that this is a divorce case. All that the deputy-sheriff really testifies to of his own knowledge is, that he went to the house where defendant resided with her mother, and found it locked. The rest is report or hearsay or conclusions.

In my opinion, the affidavits were not sufficient to warrant the order.

Further, the order dispenses with the deposit in the post-office. Still, there is nothing to indicate that the defendant would not have received papers mailed to her at her place of residence, except the report that the officer says he was told of.

This will not answer.

The order of publication and subsequent proceedings should be set aside, with costs of motion.

The motion for alimony will be dismissed.