MICHAEL DENMAN et al., Respondents, *v.* JOHN McGUIRE, impleaded, etc., Appellant.

Plaintiffs commenced an action against defendant, McC., by service of summons by publication. An attachment was issued therein, which was levied upon certain lands, and plaintiffs obtained judgment. In an action brought to set aside as fraudulent against creditors, a conveyance of land by McC. to defendant McG., and to have the judgment declared a lien thereon, the latter attacked the attachment proceedings and the judgment. McG. was found guilty of co-operating with McC. to defraud his creditors. *Held*, that the proceedings should be upheld unless absolutely void for jurisdictional defects; and that they should be liberally construed to uphold the judgment, although they might

have been held insufficient in a direct proceeding by the judgment debtor to set them aside.

Proceedings taken during the twenty days that the Code of Remedial Justice was in force were valid if taken under that Code, or under the Code of Procedure, so far as any action was based upon them prior to September 1, 1877, when the Code of Civil Procedure went into effect.

(Argued December 2, 1885 ; decided January 19, 1886.)

Appeal from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made July 3, 1883, which affirmed a judgment in favor of plaintiffs, entered on a decision of the court, on trial at circuit, certain questions of fact therein having been submitted and tried by a jury.

The nature of the action and the material facts are stated in the opinion.

*Arthur C. Betts* for appellant.   The judgment in the action against McCann, he never having been personally served and having never appeared, was *in rem ;* all the steps to vest the court with jurisdiction of the subject-matter of the action must be taken as required by law.   (*McKinney* v. *Collins,* 88 N. Y. 216 ; *Warren* v. *Tiffiny,* 17 How. 106.)   Plaintiffs have no standing in court, because their judgment against Felix McCann is void for want of jurisdiction and never had any life or validity against the defendant McCann, and especially against the defendant McGuire.   (*Staples* v. *Fairchild,* 3 N. Y. 41 ; *Wallace* v. *Swinton,* 64 id. 188 ; *McKinney* v. *Collins,* 88 id. 216 ; *Towsley* v. *McDonald,* 32 Barb. 604.)   A jurisdictional defect can be raised at any time by any one sought to be affected by any judgment.   (*Buck* v. *Ayers,* 19 Hun, 24 ; *Bartlett* v. *Holmes,* 12 id. 398 ; *Chemung Co. Bk.* v. *Judson,* 4 Seld. 259 ; *People* v. *Soper,* 3 id. 429 ; *Van Alstyne* v. *Erwin,* 11 N. Y. 331 ; *Dobson* v. *Pearce,* 12 id. 164.)   In a case like the one at bar where the defendant is a non-resident and has not been served personally with process, and it is sought to divest him of his property by a proceeding under the statute, the statute must be strictly followed or the judg-

ment will be a nullity. (*Hallett* v. *Righters*, 13 How. 43; *Warren* v. *Tiffiny*, 17 id. 106; *Hyatt* v. *Wagenwright*, 18 id. 248; *Cook* v. *Farran*, 34 Barb. 95; *Evertson* v. *Thomas*, 5 How. 45; *Hulbert* v. *Hope Ins. Co.*, 4 id. 278; *McKinney* v. *Collins*, 88 N. Y. 216; *Stanton* v. *Ellis*, 2 Kern. 579; *People* v. *Board Police,* 6 Abb. 162; *Bloom* v. *Burdick*, 1 Hill. 130.)

*T. F. Bush* for respondent. The court having acquired jurisdiction by due service of the summons, and proof by affidavit having been produced on application for judgment showing the issue and levy of the attachment, and an undertaking having been given to indemnify the defendant as required by Rule 34 then in force, the judgment rendered was conclusive as against a stranger to the record. (*Candee* v. *Lord*, 2 N. Y. 269; *Hall* v. *Stryker*, 27 id. 596.) An attachment is a provisional remedy, and any irregularity in granting or executing it is available only to a party to the action on a motion to vacate it. (*Tracy* v. *First Nat. Bk.*, 37 N. Y. 523; *Hall* v. *Stryker*, 27 id. 596.) Questions relating to the proceedings under the attachment after it was granted are not jurisdictional in their nature; all such proceedings are amendable if defective, and the statute relating thereto is directory only. (*White* v. *Bogart*, 73 N. Y. 256; *Wright* v. *Nostrand*, 94 id. 47; *O'Brien* v. *Merch. & T. Ins. Co.*, 57 id. 57.) Chapter 318, Laws of 1877, made the Code of Procedure applicable and put out of existence the "Code of Remedial Justice," as effectually as if it had never been passed, except that all proceedings had in conformity to it were not impaired by the suspension. (*Washburn* v. *Franklin*, 35 Barb. 599.) This legislation being remedial no objection to its retroactive effect can exist. (*Washburn* v. *Franklin*, 35 Barb. 599.) It having been found on the trial, and it being undisputed, that all the facts existed when the attachment was granted which were necessary to authorize it, a court of equity cannot be required to ignore the facts which are now made clear and deal only with the shadow upon which the judge

granting the attachment was required to.act. (*Howe Machine Co.* v. *Pettibone*, 12 Hun, 657; 74 N. Y. 68.)

EARL, J.  This action was brought by the plaintiffs, judgment creditors of defendant McCann, to set aside a conveyance of land situated in Sullivan county, made on the 15th day of October, 1874, by McCann, to his son-in-law, the defendant McGuire, and to have their judgment declared a lien on such land.

The plaintiffs attached the land and obtained a judgment against McCann as a non-resident, by the service of summons by publication, and this action is based upon the judgment thus obtained. The affidavit for the attachment was made April 21, 1877, and the undertaking for the same was executed on the same day. The undertaking was approved and warrant of attachment was issued on the 2d day of May. The complaint in the action against McCann was verified April 25, and the summons in that action was dated May 3. The order for the publication of the summons was granted May 8, and the judgment was entered August 21.

The Code of Remedial Justice which was enacted in 1876, took effect May 1, 1877, and was in force until May 22, when its operation was suspended until September 1, 1877, and the Code of Procedure was re-instated until that time. Upon the trial of this action the defendant assailed the attachment proceedings and the judgment for various irregularities and defects, and claimed that they were absolutely void for want of jurisdiction. As the merits of this controversy have been decided against McGuire, and he has been found guilty of co-operating with McCann to defraud his creditors, his technical objections to the proceedings against McCann to which he was an entire stranger, should not be listened to with favor.

In this collateral attack upon them, those proceedings should be upheld unless absolutely void for jurisdictional defects. There seems to have been singular carelessness and inattention in conducting the proceedings, and a court considering a motion made by McCann to set them aside might well hesitate to

uphold them. But in this action they should be liberally construed for the purpose of upholding the judgment against McCann and the judgment now appealed from. We will now notice some of the most material objections separately.

(1.) The attachment was obtained on the ground that McCann had assigned and disposed of his property and departed from the State with intent to defraud his creditors. It is objected that the affidavit made to procure the attachment did not sufficiently state the facts showing the fraudulent intent. While it is not so full as could be desired, yet we think there was enough to confer jurisdiction to issue the attachment.

(2.) It is objected that the affidavit did not state that the plaintiffs were entitled to recover the amount mentioned therein " over and above all counter-claims known to them " as required by section 636 of the Code of Remedial Justice. By section 3 of the Suspending Act (Chap. 318 of the Laws of 1877) it was provided that any proceeding taken in conformity to the Code of Remedial Justice during the twenty-two days of its existence, should not be impaired by the suspension, but that all subsequent proceedings in the action should conform to the Code of Procedure, and that the court should allow without costs any amendment or other proceeding necessary for that purpose. The affidavit was in strict conformity with the Code of Procedure which was in force when it was made, but it did not conform in the respect specified by the objection with the Code of Remedial Justice when it was presented to the judge who granted the attachment. But while the operation of section 636 above referred to was suspended and the prior Code was in force, the provisions of that section could not be invoked against an affidavit which conformed to that Code. The affidavit conformed to the law in force when the judgment was entered in August, 1877. We think the effect of the statutes is that proceedings taken during the twenty-two days were valid if taken under either Code, at least so far as any action was based upon them prior to September 1, 1877 when the present Code took effect.

(3.) It is objected that the affidavits upon which the order

of publication was granted were insufficient to confer jurisdiction, in that they did not show that any effort had been made to serve the summons within this State, or that the plaintiff had used reasonable diligence to ascertain where the defendant would receive matter transmitted through the post-office. We think the affidavits sufficient in these respects. They show that efforts were made to serve the summons upon McCann and to ascertain his place of residence, and that his residence and whereabouts were unknown. The facts sworn to were sufficient to confer jurisdiction.

(4.) It is objected that the notice attached to the summons published did not state where the summons was filed as required by the Code of Remedial Justice (§ 442). The notice was not in the precise form prescribed by that section, but we must hold that it was in substantial compliance therewith. The summons and notice were attached, and the latter referred to the former. In the summons it was stated that the action was in the Supreme Court and triable in Sullivan county, and the notice states that the order was issued by the special county judge of that county, and that the summons was filed with the complaint. As the complaint was required to be filed in the clerk's office of Sullivan county, we think there was sufficient notice that the summons was filed in the same place. This notice was so far deficient and irregular that it might have been held insufficient in a direct proceeding instituted by McCann to set aside the service of the summons and the subsequent proceedings had thereon. But we think it ought to be held sufficient, as against a collateral attack by McGuire, a stranger to that judgment. It was not so defective that the court failed to acquire jurisdiction to give judgment.

(5.) Various other objections are made to the attachment proceedings and to the mode of obtaining the judgment against McCann, but those objections simply point out irregularities and do not present or raise any question of jurisdiction.

(6.) The exception to the charge of the judge to which our attention is called points out no error. The language of the judge was a fair commentary upon the case. He did not

charge that it was as a rule of law incumbent upon the defendant to procure the evidence of McCann, and he laid down no rule of law in reference thereto. But he distinctly charged that the burden was upon the plaintiffs to establish the fraud which they alleged.

We are, therefore, of opinion that the judgment should be affirmed, with costs.

All concur, except ANDREWS and DANFORTH, JJ., dissenting. Judgment affirmed.