BERNARD SEILER, APPELLANT, v. HENRIETTA W. WILSON, RESPONDENT.

*Practice — what averments in an affidavit, as to the non-residence of defendants, will confer jurisdiction upon the court to make an order for publication.*

The plaintiff refused to accept a title tendered to him by the defendant, alleging as a reason therefor that an affidavit, under which an order was made (in a certain action of foreclosure, affecting such title), directing the service of the summons by publication on certain of the defendants, was so defective as to prevent the court from acquiring jurisdiction to make the order. The affidavit, which was made by the attorney for the plaintiff in that action, stated that the affiant had, in good faith, made diligent search and inquiry for the said defendants, naming them, but that they could not be found within this State, and that he had been unable to make service of the summons upon either of them; that the summons had been issued to the sheriff, who had returned that the said defendants could not be found, and that, as affiant was informed and believed, the said defendants were non-residents of the State, their places of residence being then stated.

*Held*, that the facts alleged in the affidavit were sufficient to confer jurisdiction upon the court to make the order, and that the objection to the title was not well taken.

*Kennedy* v. *The New York Life Insurance and Trust Company* (101 N. Y., 487) followed: *Carleton* v. *Carleton* (85 id., 313); *Lockwood* v. *Brantley* (31 Hun, 155); *Easterbrook* v. *Easterbrook* (64 Barb, 421) and *Bixby* v. *Smith* (3 Hun, 60) distinguished.

APPEAL from a judgment entered upon a verdict directed for the defendant, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

*Joseph E. Newburger*, for the appellant.

*Alexander & Ash*, for the respondent.

VAN BRUNT, P. J.:

The plaintiff brought this action to recover a deposit of $100, received by the defendant as part of the purchase-money, upon an agreement to convey certain premises, and for the expenses incurred in examining the title of said premises, the title tendered being alleged to be bad. A verdict upon the trial was directed for the defendant, to which direction an exception was duly taken. The defect claimed to render the title of the premises in question unmarketable, was in an affidavit and order of publication made in May, 1860, by which the court was claimed to have obtained jurisdiction of certain necessary defendants in a foreclosure suit. The affidavit states that the affiant, attorney for the plaintiff in that action, had, in good faith, made diligent search and inquiry for the said defendants, naming them, but that they could not be found within this State, and that the affiant had been unable to make service of the summons upon either of them. The affidavit further stated that the summons had been issued to the sheriff, and he had returned that said defendants could not be found, and that, as affiant was informed and believes, the said defendants were non-residents of this State, and giving their places of residence. In the order the court certified that it appeared to the satisfaction of the court that the said defendants could not, either of them, after due diligence be found in this State and ordered a service by publication. This order is claimed to have been made without jurisdiction because

the affidavit did not show what effort had been made to serve the papers, the source of information and why the person who gave the information had not made the necessary affidavits, and because the affidavits as to the residence of the defendants, served under the order, was upon information and belief.

Several authorities are cited to support the objections, but none seem to be applicable. In the case of *Carleton* v. *Carleton* (85 N. Y., 313) a motion was made to set aside the service. The affidavit contained only an allegation of non-residence and the court held that such an allegation did not tend to establish that the defendant could not, " after due diligence, be found within this State." In *Lockwood* v. *Brantley* (31 Hun, 155) a motion was made to set aside service, the only allegation in the affidavit being that the defendant was a non-resident, and that the affiant was informed by one Sterling that the defendant was there, a day or two before making the affidavit, which motion was denied. The question in *Easterbrook* v. *Easterbrook* (64 Barb., 421) arose upon a similar application, and all that was decided was that a certificate of the sheriff alone is not sufficient. In *Bixby* v. *Smith* (3 Hun, 60) is recognized a distinction between cases where an order of publication is attacked collaterally, and where it is sought to be set aside directly. The order in that case was attacked collaterally and held invalid because the only allegation was that of non-residence. There are numerous cases where affidavits no stronger than the one in the case at bar, have been held to confer jurisdiction when attacked collaterally, of which it is only necessary to cite one. (*Kennedy* v. *The N. Y. Life Ins. and Trust Co.*, 101 N. Y., 487.)

No authority has been cited showing that the allegation of non-residence, although upon information and belief, did not confer jurisdiction upon the court. It perhaps would have been more satisfactory to have had a fuller allegation upon this point, but nevertheless the court acquired jurisdiction. In the case of *Belmont* v. *Cornen* (82 N. Y., 256), the affidavit of non-residence was upon information and belief and the order was upheld even when directly attacked. It is true that the sources of information were stated but no reason was given for non-production of affidavit of informant. These objections are not therefore well taken. The order was not defective because it was a court order and not made by a judge, as

section 135 of the Code of Procedure, under which this application was made, authorized the order to be made by the court or judge. It is not necessary to discuss the question as to whether the court erred in admitting the stipulation as to adverse possession or not, since we have come to the conclusion that no defect in the title was shown, and that the direction of a verdict was correct, entirely independent of the question of adverse possession.

The judgment and order appealed from must be affirmed.

POTTER and LAWRENCE, JJ., concurred.

Judgment and order affirmed.