O’Gormar, J.
Roche and Timothy Roche were purchasers at a foreclosure sale of the interest of the defendant Aschpurwis in a lease of certain real estate in this city.
They have refused to take the deed offered to them by the referee, and petition to be relieved on the grounds:
1st. That the court had not acquired jurisdiction of Aschpurwis, the mortgagor and defendant in this. foreclosure suit.
2d. That the premises which they claim to have purchased, were not free from incumbrance.
The plaintiff also moves that the purchasers be compelled to complete their purchase.
The first objection made on behalf of the purchasers is not sustained. The facts disclosed in the complaint, and in the affidavit on which the order for service by' publication was granted, were sufficient to justify the order under sections 438 and 439, Code Civ. Proc. There was evidence that after diligent search, the plaintiff was unable to ascertain whether or no the defendant Aschpurwis was a resident of the state. The propriety of making the order of service by publication was a question for the judicial discretion of the court, and the decision will not be set aside in a collateral proceeding. Denman v. McGuire, 101 N. Y. 161.
x As to the second objection, the contention has arisen *221 by reason of the use, by inadvertence or mistake of the auctioneer, of a printed form of “ terms of sale,” which was not applicable to the subject of this sale, or to the circumstances of the case. In the fourth section of the printed form of “terms of sale,” used by the auctioneers and signed by the referee, the following words occur : “ All taxes, assessments and other incumbrances which, at the time of the sale, are liens or incumbrances upon said premises, will be allowed by the referee out of the purchase money upon proof of such liens, and duplicate receipts for the payment thereof.” Immediately after the reading of these terms of sale, the auctioneer, at the request of the referee, announced to the persons there present at the auction, including the said purchasers, that the sale was merely “ a right, title and interest sale;’’that the sale was made subject to a mortgage of $4,500, and about six months accrued interest, and to all other liens and incumbrances; and that the bid should be over and above all liens and incumbrances; and that the ground rent was $300 per year.
There is evidence on this motion that the said purchasers heard this statement of the auctioneer, and understood its import and effect at the time they bid at the auction and became the purchasers.
The purchasers contend that they are bound only by the terms set forth in the said printed form of “ terms of sale,” and that the oral statements of the auctioneer do not, in any way, affect their rights or obligations.
In the said “ terms of sale,” reference was made to the “ annexed advertisement of sale,” from which advertisement it appeared that the property-sold was only the “ right, title and interest ” which Martin Aschpurwis had on December 28,1886, in the premises, and that the sale was made by a referee in pursuance of a judgment of foreclosure in this suit. The statement of the auctioneer was consistent with this “ advertisement of sale,” and gave only a more particular description of the *222 nature of the property sold and its necessary incidents ; and in so far as it was inconsistent with the section 4 of the “ terms of sale ” above set forth, it was a revocation of that section, not objected to, and tacitly assented to by all bidders present, including the purchasers. The mistake made in reading that section was manifest and was cured by the auctioneer’s statement. It did not mislead any one. The memorandum of sale signed by the referee, and by the purchasers, referred to the said advertisement of sale and must be regarded as subject to the declaration of the auctioneer contemporaneous with the sale, and the revocation of the said clause in the printed “ terms of sale.”
Michael J. Mulqueen, attorney and of counsel for appellants, (purchasers), on the questions discussed in the opinion argued:
I. The court never acquired jurisdiction over the defendant and mortgagor, Martin Aschpurwis. He was never served with the summons in this action, personally or otherwise, and has not appeared herein. The affidavits for the order of publication were insufficient to *223 authorize the granting of said order. [Here counsel made an elaborate criticism on the affidavits, and cited Belmont v. Carman, 82 N. Y. 257; Howe v. Pettibone, 74 Ib. 71; Kennedy v. Life Ins. Co., 101 Ib. 487; Wunneberg v. Geraty, 7 Civ. Pro. 93; Greenbaum v. Doyer, 4 Ib. 276.] The defendant, having an established residence, as admitted, in the city of New York, the presumption is that he is still a resident. This presumption cannot be overthrown by a conclusion of the plaintiff’s attorney that defendant is not now a resident of the state. The residence of the defendant can only be lost by his own open, notorious and unequivocal act of the defendant. Abbott’s Trial Ev., 106; DeMeli v. DeMeli, 15 Week. Pig. 398; Jamis v. Surrogate, 16 Abb., N. C. 24; Dupey v. Wurtz, 53 N. Y. 557. The only acts of the defendant set forth in the affidavits in this case at bar, to deprive him of his residence, are : 1. Failure to appear and plead to an indictment. 2. Failure to call at his tenement house to collect rents due him; and 3. His absence froni home when Mr. Vose called upon him to serve the summons and complaint herein. This is not sufficient.
*222 That such was the intention of all the parties to the contract of sale is apparent from the facts as they appear on this motion.
The purchasers were not entitled to the rents of the premises between the time of their purchase and delivery of the deed to them. Cheney v. Woodruff, 45 N. Y. 98-101.
Other objections made by the purchasers are not urged in their brief, and are without merit.
The application on behalf of the purchasers to be relieved, is denied, with ten dollars costs—the purchasers to have ten clays from date of entry of order to complete their purchase.
The motion in behalf of the plaintiff, that the purchasers be compelled to complete the sale, is granted, with ten dollars costs ; order to be settled on notice.
*223 II. The purchasers at the foreclosure sale are entitled to a marketable title free from all reasonable doubt. Fleming v. Burnham, 100 N. Y. 1; Jordan v. Poillon, 77 Ib. 518; Denman v. McGuire, 101 Ib. 161; Herring v. Berrian, 55 Super., Ct. 110. The question as to whether the order of publication, and the publication thereunder, were sufficient to bar the owner of the equity of redemption, being not free from reasonable doubt, the purchaser is entitled to relief under this head.
III. The referee refused and still refuses to give title to the premises free and clear of all incumbrances, as provided for by the terms of sale. (a). It is not pretended by the plaintiff that the referee can or will give the purchasers such a title to the premises as the terms of sale call for. But it is sought to contradict the terms *224 of sale by alleging that other statements and announcements were made prior to the execution of the contract. (b). The language of the contract is that they will sell all the right, title and interest of Martin Aschpurwis to the premises in question, free and. clear of all incumbrances. This clear, plain and unambiguous language cannot be varied or contradicted by oral evidence of announcements or conversations prior to its execution. Colwell v. Lawence, 38 N. Y. 72 ; Curtis v. Howell, 39 Ib. 211; Cater v. Beuman, 45 Ib. 547 ; White v. Ashton, 51 Ib. 280; Van Bokelew v. Taylor, 62 Ib. 105; Corse v. Peck, 102 Ib. 513; Snowden v. Guion, 101 Ib. 458; Brady v. Cassidy, 104 Ib. 147. (c.) The announcements made by the auctioneer before the property was put up for bidding and before the contract herein executed, cannot work a revocation of the contract, or any part thereof. Nor can the written contract be effected by any conversations alleged to have taken place with the purchasers after the sale of the premises in question. (d). Besides, no oral announcement can be considered, as by the statute the contract must be in writing.
IV. As this motion of the purchasers to be relieved from their purchase, and the counter-motion on the part of the plaintiff to compel the acceptance of deed were heard on the same papers and at the same time, only one bill of costs should be allowed.
Bailey & Sullivan, attorneys, John J. Sullivan, of counsel for respondent, in the questions considered in the opinion, argued:
I. The objection urged by the purchasers, “that the court has not acquired jurisdiction over the defendant and owner of the equity of redemption, Martin Aschpurwis, he never having been duly served with the summons herein,” etc., is not good, for the reason that the allegations contained in the verified complaint, and the facts set forth in the affidavits of John J. Sullivan and Samuel J. S. Vose, on which the order for publication *225 of the summons herein upon said defendant, Martin Aschpurwis, was made, show plainly that at the time the said order for publication was made, the said defendant, Martin Aschpurwis, was not a resident of this state, and that he had good reasons for not being one. Sufficient facts are thus shown to authorize the granting of the order for publication under sections 438 and 439 of the Code of Civil Procedure. Belmont v. Cornen, 82 N. Y. 256; Donnelly v. West, 66 How. Pr. 428; Walker v. Reiff, 13 Week. Dig. 31; Staples v. Fairchild, 3 N. Y. 46; Carlton v. Carlton, 85 Ib. 314; Steinle v. Bell, 12 Abb's Pr., N. S. 171; Donnelly v. West, 66 How’s Pr. 428 ; Von Rade v. Von Rade, 2 T. & C. 491; Miller v. Brinkerhoff, 4 Den. 418; Howe Machine Co. v. Pettibone, 74 N. Y. 68; Donnelly v. West, 66 How. Pr. 428; Van Wyck v. Hardy, 4 Abb’s Ct. App. Dec. 602; Schraeder v. Lear, 17 Week. Dig. 574; Denman v. Maguire, 101 N. Y. 161; Kennedy v. N. Y. Life Ins. and Trust Co., 101 Ib. 487; Seiler v. Wilson, 12 Civ. Pro. P. 267. The facts set forth in the verified complaint and in the affidavits on which the order for publication was granted, and the argument therefrom that the probability of Aschpurwis being compelled to undergo a long term of imprisonment as punishment for said crimes, was an inducement for him to leave this state, with the intention of remaining away permanently, were sufficient to justify the judge who granted the order of publication in concluding that the defendant Aschpurwis was at the time a non-resident, and he therefore had jurisdiction to make the order. The evidence is sufficient to uphold the order in any event, and more especially where it is attacked collaterally.
II. The purchasers knew that they were buying merely the right, title and interest which the defendant Martin Aschpurwis had on the 28th day of December, 1886,'of, in and to the leasehold premises described in the complaint. The “ notice of sale ” as published was annexed to and formed part of the “ terms of sale ” *226 and conformed to the judgment, and was read at the sale and before any bids were made. The fact that by inadvertence or mistake there was read at the sale and used, a printed form, “ terms of sale,” which was not applicable to the circumstances of this case, by reason of the fact that it contained the following clause : “ All taxes, assessments and other incumbrances, which, at the time of the sale, are liens or incumbrances upon said premises, will be allowed by the referee out of the purchase money upon proof of such liens and duplicate receipts for the payment thereof ”—did not mislead the purchasers, and they were in no wise injured, for the reason that immediately after said printed u notice of sale ” and said “ terms of sale ” were read, and before any bids were made, the auctioner distinctly announced that the sale was merely “ a right, title and interest sale,” that the property was sold subject to all liens and incumbrances, and that the bids would be over and above all liens and incumbrances then existing thereon, the knowledge of which fact is not denied by the purchasers. The statement of the auctioneer was consistent with the “ advertisement of sale ” and gave only a more particular description of the nature of the property sold and its necessary incidents; and so far as it was inconsistent with section four of the “ terms of sale,” it was therefore a revocation of that section, not objected to and tacitly assented to by the purchasers and all other bidders. The mistake, therefore, was cured by the auctioneer’s announcement. It did not mislead any one. The “ memorandum of sale,” signed by the purchasers, referred to “ the premises described in the annexed printed advertisement of. sale ” and must be regarded as subject to the statements of the auctioneer made at the time of sale, and as a revocation of section four of the printed “ term of sale.” The referee derives his authority from the judgment, and he can make no contract inconsistent with the provisions thereof. He *227 therefore had no right to make any allowance whatever to the purchasers out of the purchase money.
By the Court.—Sedgwick, Ch. J.
This decision is confined to the objections of the purchasers, made upon the argument of the appeals.
The first objection was, that the defendant, the mortgagor, had not been duly served with the summons by publication, etc. The validity of this depended upon the tenor of the affidavits upon which publication was ordered. If the affidavits stated facts that tended to show that the mortgagor had become and was a nonresident, the judge had jurisdiction to grant, or refuse to make the order, and his determination that the defendant was a non-resident is conclusive in this proceeding. There was such a jurisdiction. The defendant was shown to be a man with a wife and having real estate here. He had been indicted for the alleged crime of rape. The plaintiff here became his bondsman 'to appear for trial. He did not appear. The police had searched for him vainly. He had not communicated with his bondsman. He had not demanded payment of rents due him. He could not be found at his house. There were other facts of a like significance. The question was therefore presented to the judge whether he was in this state, temporarily concealed, or had he made himself as safe from arrest as the case showed he desired to make himself, by departing from the state and remaining out of it permanently. On this latter point, the judge had the right to consider that there was no probability that the things which formed the motive of the defendant’s flight would change.
The affidavits also showed diligence in trying to serve the summons.
The affidavits stated some things upon information and belief. In this respect, they were within the permission that the law gives to make allegations upon information and belief, under some conditions.
*228 The other objection argued was that the referee refused to give an unincumbered title, as stipulated for by the terms of sale, in that said premises were incumbered as follows: By a mortgage on said property, made by Martin Aschpurwis to Elias Neumann, for $4,500, dated May 13, 1885, and recorded in liber 1636 of mortgages, page 336; by all interest due on said mortgage from the 28th day of December, 1886; by a judgment obtained by Gibben Spicer against Martin Aschpurwis for the sum of $193.45, with interest from the 11th day of September, 1884, a transcript of said judgment having been filed in the office of the clerk of the city and county of New York, on the said 11th day of September, 1884; and by the sum of twenty-three dollars for unpaid Croton water rent for the year 1887, and twelve and 65-100 dollars unpaid Croton water rents for the year 1884.*
The terms of sale were in writing and were prefixed to the memorandum of sale, signed by the purchasers, and that memorandum expressly referred to them.
If the obligations of the purchasers depended upon the declarations of the auctioneer, at the sale, I should think there was little doubt that they should complete the purchase. It is however, more satisfactory to hold that the testimony of what the contract was, is to be found, in the writing alone.
The terms of sale had this clause “ all taxes, assessments and other incumbrances, which at the time of sale are liens or incumbrances upon said premises, will be allowed out of the purchase money, provided the purchaser,” etc. What were the “said premises ?” The terms of sale begin by the sentence, “The premises described in the annexed advertisement, will be sold,” etc. The advertisement annexed to the terms and to the *229 memorandum signed by the purchasers, was that pursuant to the judgment in foreclosure,” etc., the premises mentioned in said judgment and thereby directed to be sold, which are described as follows: All the right, title and interest, which Martin Aschpurwis had on the 28th December, 1886, of, in and to a certain indenture of lease, etc. This correctly referred to the judgment. In the printed case, by a mistake, the date is given as 28th December, 1866.
Take it altogether, the premises, in the terms of sale, mean the right, title and interest of the mortgagor as it existed on the day named. So far as title and right is concerned, the purchasers would, by the referee’s deed, have acquired what they agreed to buy. They cannot demand a perfect or unencumbered title, unless the terms of sale call for that. Mott v. Mott, 68 N. Y., on page 250. The terms of sale do not call for a payment of incumbrances on the lease, and which existed before the 28th December, 1886, for they were incumbrances on the interest as it had existed before that date, and had in a true sense lessened his interest to what it became and was on that day, namely, something in the nature of, if not exactly, an equity of redemption.
Interest on the incumbrance may have accrued after December 28, 1886, but that was not, of itself, an incumbrance and cannot be separated from it. It was in its legal nature, accessorial to the principal, and follows the latter in all its conditions.
I therefore think that the terms did not call for a payment out of purchase money, of liens created before December 28, 1886, and that they were not incumbrances upon what was sold. On the other hand, I think the unpaid Croton water rents for 1887, formed under the terms of sale, a lien upon the interest described, and that the referee should pay this out of the purchase money. Perhaps this cannot be done, under the terms of the judgment. If it cannot, the plaintiff may pay, or allow the referee to pay, as at least so much *230 of the purchase money when paid will belong to the plaintiff.
The orders appealed from should be affirmed, with $10 costs, in each instance, after being modified as to the Croton water rents. This modification does not call for a refusal of costs to the respondent, for it seems that no specific attention was asked to that particular, the purchaser’s claim being general as to all liens.
Freedman and Ingraham, JJ., concurred.

 The question of allowance out of the purchase money for the Croton water rents, did not appear to have been specifically called to the attention of the referee who conducted the sale.—Reporters.