(152 App. Div. 702.)

### MIDDLETON v. MONTAGUE.

(Supreme Court, Appellate Division, Second Department. October 4, 1912.)

PROCESS (§ 96*)—SERVICE BY PUBLICATION—SUFFICIENCY OF AFFIDAVIT.

    Where the affidavit on which an order for publication was granted stated that the deponent had made inquiry of every person whom he supposed could inform him of the residence or present whereabouts of the parties to be served, and that he was informed by a certain person, and believed, that such parties did not reside within the state and could not be found therein, it was sufficient to confer jurisdiction to make the order of publication, under Code Civ. Proc. § 135.

    [Ed. Note.—For other cases, see Process, Cent. Dig. §§ 108–120; Dec. Dig. § 96.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by John Middleton against Michael Montague. Controversy submitted pursuant to Code Civ. Proc. §§ 1279–1281. Judgment for defendant.

Argued before HIRSCHBERG, BURR, THOMAS, CARR, and RICH, JJ.

H. C. Underhill, of Brooklyn, for plaintiff.

H. Irving Gordon, of Brooklyn, for defendant.

HIRSCHBERG, J. The question involved in this submission relates to the marketability of certain real estate in the borough of Brooklyn. The action is for damages resulting from breach of warranty; the decision of the question submitted depending upon the sufficiency of an affidavit on which an order was granted for the publication of a summons in an action to foreclose a mortgage upon the real estate in the year 1858. The plaintiff claims that the order was invalid because of the insufficiency of the affidavit, while the defendant claims that the affidavit was sufficient to confer jurisdiction to make the order. The defendants served by publication were the widow and the children of Joseph Tryon, the former owner of the equity of redemption, then deceased.

At the time of the foreclosure, section 135 of the Code of Civil Procedure provided that:

"Where the person, on whom the service of the summons is to be made, cannot, after due diligence, be found within the state, and that fact appears by affidavit to the satisfaction of the court or a judge thereof, * * * such court or judge may grant an order that the service be made by the publication of a summons."

The affidavit on which the order for publication was granted stated:

"That the said defendant Margaret P. Tryon is the widow of said Joseph Tryon, deceased, and the said defendants Joseph Tryon, Florence Tryon, William Tryon, and Margaret Tryon are the children of the said Joseph Tryon, deceased. That deponent has, for the purpose of serving the summons in this action, which is hereto annexed, on the aforesaid widow and children, *made inquiry of every person* whom he supposes could give him any information as to the place of residence or *present whereabouts* of either the said widow or either of said children, and that from information derived from Mr. Nathaniel Wolff, who was formerly a partner of said Joseph Tryon, deceased, and the executor of his said will, he is informed, and he believes such information to be true, that neither said widow nor any of said children reside within this state, *or can be found therein,* and, further, that said widow and the said defendants Joseph Tryon and Margaret Tryon reside at No. 86 Garden street, Hoboken, in the state of New Jersey, and that the said Florence Tryon and William Tryon reside with one Otis Norciss at Boston, in the state of Massachusetts."

The order in question was granted by a justice of the Supreme Court, and I think the affidavit was sufficient to confer jurisdiction upon him to determine that the parties to be served were not at that time within the state, and that they, therefore, could not be found therein, after due diligence. It gave in full the sources of the affiant's information and belief. It proved diligence in the making of inquiry of every person likely to know, not only the ac-

tual residence of the parties, but their "whereabouts," at the time of the inquiries; and the result of the inquiries was information to the effect that the parties were not only then nonresidents of the state, but that they could not then be found in the state.

The case of Belmont v. Cornen et al., 82 N. Y. 256, seems controlling. In that case the affidavit merely stated on information and belief—the source of the information being disclosed—that the parties to be served resided in Connecticut, and that a summons to be served on them had been issued and delivered to the sheriff of the county of New York, and that the sheriff after due diligence could not find them in that county. The Court of Appeals held that the affidavit was sufficient (page 259) "to enable the judge to intelligently be satisfied that after due diligence the defendant could not be found within the state."

The case of Carleton v. Carleton, 85 N. Y. 313, chiefly relied upon by the plaintiff, is essentially different. There the affidavit was limited to proof of nonresidence, and no facts were disclosed tending to indicate that the defendant was not within the state. The court distinguished the case from the Belmont Case, supra, saying (page 316):

"In the case of Belmont v. Cornen, 82 N. Y. 256, the affidavit contained allegations tending to show that *an effort had been made to find the defendant within the state and that he was not there*, and hence it conferred jurisdiction upon the court or judge *to pass upon the question of the sufficiency of the proof*. The affidavit here contains no such averment, and rests entirely upon the fact of nonresidence and the inference arising therefrom."

In Kennedy v. N. Y. L. Ins. & Trust Co., 101 N. Y. 487, 5 N. E. 774, an affidavit was held sufficient, at least where collaterally brought in question, which only stated that the defendants "cannot, after due diligence, be found within this state," that they were residents of other states named, and that the summons "was duly issued for said defendants, but cannot be served personally upon them by reason of such nonresidence."

To the same general effect is the decision in Crouter v. Crouter et al., 133 N. Y. 55, 30 N. E. 726. That case arose under section 439 of the Code of Civil Procedure, the substitute for the former section 135, requiring proof "that the plaintiff has been or will be unable, with due diligence, to make personal service of the summons." It was held, according to the headnote, that an affidavit was sufficient to sustain an order of publication which "stated the nonresidence of the defendants and that they had no place of business in New York; that plaintiff believed that a summons could not with due diligence be served personally within the state; that plaintiff had personal knowledge of defendants' movements, and was satisfied that they frequent no place in the state."

The defendant's title to the property in question is derived through various mesne conveyances from the purchaser at the foreclosure sale, and it follows from what has been said that he is entitled to judgment dismissing the plaintiff's claim, and adjudging that the title is good and marketable, but, in accordance with the terms of the submission, without costs. All concur.